UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY d/b/a ADM GRAIN COMPANY and AMERICAN RIVER TRANSPORTATION CO., LLC | CIVIL ACTION NO.: <br><br> SECTION ___ \| DIVISION ___ |
| VERSUS | JUDGE |
| M/T AMERICAN LIBERTY, her engines, tackle, apparel, etc., *in rem* | MAGISTRATE |

## **COMPLAINT**

The Complaint of Plaintiffs, Archer Daniels Midland Company d/b/a ADM Grain Company ("ADM"), as operator of the grain elevator facility at Reserve, Louisiana and American River Transportation Co., LLC ("ARTCO") against Defendant, M/T AMERICAN LIBERTY, *in rem*, in a cause of allision, civil and maritime, under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, avers as follow:

1.

At all times hereinafter, Plaintiff, ADM, was and is now a corporation organized under the laws of the state of Delaware and with its principal place of business located in the state of Illinois, which is authorized and is doing business within the State of Louisiana.

2.

ADM is the operator of a grain elevator facility at or near Reserve, Louisiana, Mile Marker 139 AHP Lower Mississippi River. This facility contains a dock and loading equipment used to load ocean going vessels with cargo.

3.

American River Transportation Co., LLC, (hereinafter "ARTCO") is a company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Illinois which was the owner and operator of stationary dry cargo barges which were located in a barge fleet near the ADM grain elevator facility in Reserve, Louisiana (hereinafter "the ARTCO fleet").

4.

At all times hereinafter, Defendant, M/T AMERICAN LIBERTY (the "Vessel"), was and is now an oil/chemical tanker bearing IMO No. 9763851 with an overall length of 183.31 meters, a breadth of 32.2 meters, and flying under the flag of United States of America.  The vessel is currently in the jurisdiction of the Eastern District of Louisiana.

5.

The Vessel is owned by American Petroleum Tankers X, LLC and jointly operated by Crowley Maritime Corporation and Kinder Morgan, Inc., who are owners *pro hac vice* of the Vessel.

6.

This is a claim, *in rem*, under the maritime jurisdiction of the United States and this Honorable Court in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7.

On or about the evening of May 16, 2019, the Vessel turned out of the Marathon Petroleum berth at or near Mile Marker 140 AHP Lower Mississippi River and shortly after having done so, the Vessel lost control and/or lost engine power causing it to allide with the M/V AFRICAN GRIFFIN as well at the crane barge DON D and a hopper barge connected thereto, knocking the DON D and the hopper barge off the M/V AFRICAN GRIFFIN.  Thereafter, the Vessel and DON D along with the hopper barge connected thereto continued to travel down river out of control and/or without engine power and allided with ADM's elevator grain facility at Reserve, Louisiana causing significant damage to the facility as well as to the M/V EVER GRACE, which was loading cargo at the ADM's elevator grain facility.  Additionally, the Vessel and/or the DON D and the hopper barge also allided the ARTCO fleet causing damages to several ARTCO barges, wires, rigging, and requiring rescue efforts and tug assistance.

8.

As a result of the Vessel's allision with ADM's elevator grain facility at Reserve, Louisiana and the M/V EVER GRACE, a substantial part of upriver end of ADM's elevator grain facility was destroyed and/or significantly damaged, such that the facility will be closed for repairs for a substantial amount of time.  Additionally, as a result of the allision, ADM has incurred and will continue to incur additional expenses, including but not limited to repair costs, replacement costs, and survey costs.  Damages to the named Plaintiffs are presently estimated over $65,000,000.

8.

The allision with ADM's elevator grain facility and ARTCO's fleet at Reserve, Louisiana herein described and all losses and damages resulting therefrom were in no way caused or contributed by any fault, negligence, or want of care on the part of ADM or ARTCO or of anyone

for whose acts ADM or ARTCO may be responsible, but on the contrary, the allision and resulting damage was caused solely by the fault and neglect of the Vessel and those in charge of the navigation and operation of the Vessel in the following particulars, among others:

    a.    The Vessel was unseaworthy;

    b.    The Vessel was manned by incompetent persons who were inattentive to their duties;

    c.    The Vessel was negligently navigated;

    d.    Those in charge of the vessel were negligent in other respects which violate the standards of good seamanship.

9.

In light of the significant damage to ADM's property and business and the damage ARTCO's fleet caused by the allision, ADM and ARTCO have maritime tort liens against the Vessel and rights to enforce their maritime tort liens against the Vessel to recover all damages they sustained and continue to sustain and for all other such legal or equitable relief as is just and due under admiralty and maritime jurisdiction.

WHEREFORE, Plaintiffs, ADM and ARTCO pray that:

    1.    A copy of the Verified Complaint be served upon the Vessel, *in rem*;

    2.    All persons claiming any right, title, or interest in the Vessel her engines, boilers, tackle, appurtenances, etc., be summoned to appear, file their claim, as owner, and to answer under oath all and singular the matters aforesaid, and that after due proceedings, said Vessel be condemned and sold to pay the demands aforesaid, with interest costs, and disbursements;

3. That the Court recognize maritime liens against the Vessel, *in rem*, in favor of ADM and ARTCO in the amount of all damages sustained by ADM and ARTCO due to the allision and its effects;

4. That a Warrant of Arrest be issued calling for the Vessel to be seized to satisfy Plaintiffs' claim; and

5. That Judgment be entered in favor of ADM and ARTCO against the Vessel, *in rem*, in the amount of all damages sustained by ADM and ARTCO due to the allision and its effects, together with all other amounts shown at trial including, but not limited to, interest and attorney's fees, and that this Judgment be recognized as a priority claim based upon the Federal Maritime Lien Act so that it is paid in preference and priority to all other claims of liens including any ship mortgage(s).

Respectfully submitted:

S ALLEY H ITE M ERCER & R ESOR, LLC

*/s/ Kevin Frey*
DAVID M. FLOTTE T.A. (#1364)
MARCELLE MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
365 Canal Street
One Canal Place, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
mmouledoux@shmrlaw.com
kfrey@shmrlaw.com

Counsel for Plaintiffs,
Archer Daniels Midland Company
d/b/a ADM Grain Co and American River Transportation Co., LLC

**PLEASE SERVE AND ARREST:**

1. **M/T AMERICAN LIBERTY,** whenever found within the jurisdiction of the Eastern District of Louisiana, with the Complaint in Intervention.