IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY, *et al.* | * * * | Civil Action No. 2:19-cv-10525-SSV-KWR |
| v. | * * | JUDGE SARAH S. VANCE |
| M/T AMERICAN LIBERTY, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | * * * * | MAGISTRATE KAREN WELLS ROBY |

\* \* \* \* \* \* \*

**VERIFIED COMPLAINT IN INTERVENTION**

NOW INTO COURT, through undersigned counsel, comes plaintiff-in-intervention The Port of South Louisiana ("PSL"), and for its Verified Complaint against Defendants, American Petroleum Tankers X and American Petroleum Tankers LLC, *in personam*, and M/T AMERICAN LIBERTY (IMO No. 9763851) ("AMERICAN LIBERTY"), *in rem*, alleges as follows:

**The Parties**

1.

Plaintiff-in-intervention The Port of South Louisiana is a political division of the State of Louisiana and was at all times relevant herein the owner of two docks at or near Reserve, Louisiana, Mile Marker 139 AHP Lower Mississippi River, hereinafter known as "the ADM dock" and "the Holcim dock".

2.

Upon information and belief, *in personam* defendants American Petroleum Tankers X and American Petroleum Tankers LLC are United States corporations, or other business entities duly organized under the laws of the United States, both with principal places of business at 1777

Sentry Parkway W, Suite 402, Blue Bell PA 19422-2227, and were at all times relevant herein the beneficial owner and registered owner, respectively, of the *in rem* defendant AMERICAN LIBERTY.

## Jurisdiction and Venue

3.

This is a maritime tort action brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. This action is within the Court's admiralty and maritime jurisdiction pursuant to U.S. Constitution Article 3, Section 2, and 28 U.S.C. § 1333 and is brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. PSL seeks the arrest of the *in rem* defendant AMERICAN LIBERTY as security for its claims.

4.

Venue is proper in this Honorable Court because the acts giving rise to this civil action occurred in this District, and the *in rem* defendant AMERICAN LIBERTY presently is within the waters of this District.

## Facts and Claim

5.

On or about the evening of May 16, 2019, upon information and belief, the AMERICAN LIBERTY allided with the AFRICAN GRIFFON and the crane barge DON D and a hopper barge connected thereto, knocking the DON D and the hopper barge off the M/V AFRICAN GRIFFON. Thereafter, the Vessel and the DOND D along with the hopper barge connected thereto continued to travel down river out of control and/or without engine power and allided with the ADM Dock and the Holcim Dock, thereby causing damage to both.

2

6.

As a result of the Vessel's allision with the ADM Dock and the Holcim Dock, the docks and/or their component parts were significantly damaged and/or destroyed, such that the facilities will be closed for repairs for a substantial amount of time. Additionally, as a result of the allision, PSL has incurred and will continue to incur additional expenses, including but not limited to repair costs, replacement costs, loss of income or rent, and survey costs. Damages to PSL's property are still being surveyed and calculated, but are presently believed to exceed $50 million.[1]

7.

The allision with the ADM Dock and the Holcim Dock herein described and all losses and damages resulting therefrom were in no way caused or contributed to by an fault, negligence, or want of care on the part of PSL, or anyone for whose acts PSL may be responsible, but on the contrary, the allision and resulting damage was caused solely by the fault and neglect of the Vessel and those in charge of the navigation and operation of the Vessel in the following particulars, among others:

    a.    The Vessel, it's equipment, and/or its appurtenances were unseaworthy;

    b.    The Vessel was manned by incompetent persons who were inattentive to their duties;

    c.    The Vessel was inadequately and/or incompetently manned;

    d.    The Vessel was negligently navigated;

    e.    The defendants violated navigational regulations;

    f.    The defendants failed to comply with local navigation customs and/or usage;

---

[1] It is recognized that damages claimed by PSL and its lessees may overlap based upon the terms of the lease agreements, but PSL sets forth the damages to its docks herein as the property holder, with the recognition that duplication of damages will not be recognized by the Court or sought by PSL herein.

g.  Those in charge of the Vessel were negligent in other respects which violate the standards of good seamanship;

h.  The Vessel's crew was improperly or inadequately trained;

i.  The defendants failed to properly maintain and/or utilize the AMERICAN LIBERTY's propulsion system;

j.  The defendants failed to properly maintain and/or utilize the AMERICAN LIBERTY's steering system;

k.  The defendants failed to properly maintain and/or utilize the AMERICAN LIBERTY's engine system;

l.  The defendants failed to properly equip and/or man the AMERICAN LIBERTY;

m.  The defendants failed to manage the AMERICAN LIBERTY and/or her crew; and/or

n.  Other failures, acts or omissions of the defendants and of the AMERICAN LIBERTY which may be shown at trial.

8.

Pursuant to the rule of *The Oregon*, 158 U.S. 186 (1895), the AMERICAN LIBERTY is presumed to be at fault for the incident.

## **Supplemental Rule C Relief**

9.

PSL repeats and re-alleges paragraphs 1 through 8 set out hereinabove as though the same were more thoroughly set forth at length herein.

10.

The aforesaid incident constitutes a maritime tort for which PSL is entitled to a maritime

lien on the AMERICAN LIBERTY, which is enforceable by a suit *in rem*. Accordingly, PSL seeks to enforce its maritime lien pursuant to a Warrant of Arrest to be issued against the AMERICAN LIBERTY, all in accordance with Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rule 4.1(B) by way of the arrest of the AMERICAN LIBERTY.

**WHEREFORE**, The Port of South Louisiana prays that:

1. Their Verified Complaint in Intervention be deemed good and sufficient;

2. Process in due form of law be issued directing the *in personam* defendants American Petroleum Tankers X and American Petroleum Tankers, LLC to appear and answer, all and singular, the allegations contained herein and, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, directing that the M/T AMERICAN LIBERTY, upon information and believe will be present within this District during the pendency of this litigation and the jurisdictional limits of this Court, be arrested in the proceeding to the amount of The Port of South Louisiana's claims stated herein, plus interest, costs, and attorneys' fees;

3. All parties claiming an interest, title or right in the said vessel appear and answer, all and singular, the allegations of this Verified Complaint in Intervention;

4. After due proceedings, The Port of South Louisiana have judgment against the M/T AMERICAN LIBERTY, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*, and American Petroleum Tankers X and American Petroleum Tankers, LLC, *in personam*, in the full amount of The Port of South Louisiana's damages, and further interest thereon at the legal rate, and for any other and further amount that later calculation may demonstrate as being appropriate;

5. This Honorable Court enter a decree in favor of The Port of South Louisiana and against defendants for the total amount of The Port of South Louisiana's damages and that the M/T AMERICAN LIBERTY be condemned and sold for the aforesaid amount together with reasonable costs and attorneys' fees, including the costs and attorneys' fees incurred herein;

6. The Port of South Louisiana have such other and further relief as the law and justice may require; and

7. The Port of South Louisiana agrees to release and hold harmless, and indemnify the United States of America, the United States Marshals Service, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the vessel.

Respectfully submitted,

    */s/ Lena D. Giangrosso*
**HENRY S. PROVOSTY (#0260)**
**ERIC R.G. BELIN (# 27168)**
**LENA D. GIANGROSSO (#31464)**
**ZACHARY P. FICKES (#36455)**
**PROVOSTY & GANKENDORFF, L.L.C.**
650 Poydras Street, Suite #2700
New Orleans, Louisiana 70130
Telephone: 504-410-2795
Facsimile: 504-410-2796
E-mail: hprovosty@provostylaw.com
E-mail: ebelin@provostylaw.com
E-mail: lgiangrosso@provostylaw.com
E-mail: zfickes@provostylaw.com
*Attorneys for The Port of South Louisiana*

**INSTRUCTIONS FOR U.S. MARSHAL:**

PLEASE HOLD WARRANT OF ARREST
PENDING THE RETURN OF THE
M/T AMERICAN LIBERTY TO THIS
JURISDICTION

**PLEASE SERVE:**

American Petroleum Tankers X and American
Petroleum Tankers, LLC c/o Master of the M/T
AMERICAN LIBERTY

PLEASE WITHHOLD SERVICE AT THIS TIME

## CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2019, I electronically filed the foregoing pleading with the Clark of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

                                                    */s/ Lena D. Giangrosso*
                                                    Lena D. Giangrosso