## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND COMPANY, ET AL.** | * | **CIVIL ACTION NO. 19-10525 REF: 19-10925** |
| **VERSUS** | * | **SECTION R(4)** |
| **M/T AMERICAN LIBERTY, her engines, tackle, apparel, etc.,** *in rem* | * | **JUDGE VANCE MAGISTRATE ROBY** |

### ANSWER, AFFIRMATIVE DEFENSES AND CLAIMS OF CLEMENT BELL, RYHEME KNIGHTON AND ROBERT SAYLES

Claimants CLEMENT BELL, RYHEME KNIGHTON AND ROBERT SAYLES (collectively referred to as "Claimants") file their answer, affirmative defenses, and claims in response to American Petroleum Tankers X, LLC's and Crowley Global Ship Management, Inc.'s (collectively referred to as "Petitioners'") verified complaint for exoneration from or limitation of liability (the "Complaint"),  and upon information and belief state as follows:

### ANSWER

1.      The allegations contained in Paragraph 1 of the Complaint are admitted in that this proceeding is for exoneration from or limitation of liability, but otherwise denied in all respects as Petitioners are not entitled to any relief.

2.      The allegations contained in Paragraph 2 of the Complaint are admitted in that venue is proper for this proceeding, but otherwise denied in all respects as Petitioners are not entitled to any relief.

3.      The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.      The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.     The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.     The allegations contained in Paragraph 6 of the Complaint are admitted solely to the extent that the underlying incident occurred on or about May 16, 2019, and that the M/T AMERICAN LIBERTY struck multiple vessels on the Mississippi River.  Allegations relating to whether the vessel was being pushed physically and overpowered by the Mississippi River are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations in Paragraph 6 are also denied for lack of sufficient information to justify a belief therein.

7.     The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein. Statements that the value of pending freight is $250,000.00 are specifically denied.

8.     The allegations contained in Paragraph 8 of the Complaint are admitted to the extent Archer Daniels Midland Co. d/b/a AADM Grain Co., ADM International Sarl, and American River Transportation Co., LLC filed a lawsuit against the M/T AMERICAN LIBERTY. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

9.     The allegations contained in Paragraph 9 of the Complaint are admitted to the extent African Griffon Shipping Company, Ltd. filed a complaint in intervention against the M/T AMERICAN LIBERTY. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

10.     The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.     The allegations contained in Paragraph 11 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incident, which occurred on or about May 16, 2019, though the rest is denied.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are denied.

14.     The allegations contained in Paragraph 14 of the Complaint are denied.

15.     The allegations contained in Paragraph 15 of the Complaint are denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17.     The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.     The allegations contained in Paragraph 18 of the Complaint are denied.

19.     The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.     The allegations contained Paragraph 20 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants.  If a response is deemed necessary, however, those allegations are denied.

21.     The allegations contained Paragraph 21 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants.  If a response is deemed necessary, however, those allegations are denied.

22.     The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein. The sufficiency and/or adequacy of the amount of the Ad Interim stipulation is denied.

23.     The allegations contained Paragraph 23 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants.  If a response is deemed necessary, however, those allegations are denied. Moreover, Petitioners should be ordered to provide adequate bond.

24.     The allegations contained Paragraph 24 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants.  If a response is deemed necessary, however, those allegations are denied.

25.     The allegations contained in the prayer for relief (and sub-paragraphs 1-7) are not statements of fact, but conclusions of law, as to which no response is necessary from these claimants. If a response is deemed necessary, however, those allegations are denied.  Claimants further specifically deny the adequacy of the valuation of the M/T AMERICAN LIBERTY. Petitioners' *Ad Interim* Stipulation does not state or identify the amount of cargo, if any, aboard the Vessel at the time of the accident, nor does it provide any value of such cargo. Additionally, Petitioners' *Ad Interim* Stipulation does not state the amount of insurance proceeds present and available to be accounted for. Claimants further deny the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of its interest in the M/T AMERICAN LIBERTY and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the Vessel and/or provide a bond for the value of the Vessel, issued by a reputable surety company to be approved by the Court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid.

26.     Any allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimants assert the flotilla doctrine.  The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the M/T AMERICAN LIBERTY and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the M/T AMERICAN LIBERTY  and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/T AMERICAN LIBERTY and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel(s) involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/T AMERICAN LIBERTY and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek more definitive statements of the allegations, regardless of the nature, manner, and extent of their Claim and Answer herein.

**TENTH DEFENSE**

The events culminating in the Claimants' injuries were the result (in whole or in part) of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the M/T AMERICAN LIBERTY and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint should be denied.

**ELEVENTH DEFENSE**

The events culminating in the Claimants' injuries were not the result of any negligence, fault, or want of due care on their part individually.

**TWELFTH DEFENSE**

Claimants further allege that there was insurance coverage on the M/T AMERICAN LIBERTY insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding (solely in the event the Court determines this limitation proceeding is appropriate).

## THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in the forum of their choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies).  The filing of this Claim and Answer is in no way a waiver of these rights and defenses, and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTEENTH DEFENSE

Claimants reserve the right to move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants reserve and hereby assert their right to have their claims and damages tried to a jury in the court of their choosing.

**SIXTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq*.; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2d ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the M/T AMERICAN LIBERTY and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**NINETEENTH DEFENSE**

Petitioners are not "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

**TWENTIETH DEFENSE**

Claimants reserve the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioners were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or

knowledge of Petitioners.  All other fact issues shall be decided in a court and/or forum of Claimants' choosing as is the Claimants' rights under the Saving to Suitors clause and the Jones Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants, file their Claim in the Complaint for exoneration from or limitation of liability of, and state that:

## CLAIM[1]

1.      Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim. Claimants, Clement Bell, Ryheme Knighton, and Robert Sayles suffered severe injuries as a result of the negligent operation of the M/T AMERICAN LIBERTY. At the time, Claimants were Jones Act seaman for Associated Terminals, LLC and were stationed aboard the D/B DON D, which was operating on the Mississippi River.  While the D/B DON D was deployed on navigable waters, and Claimants were contributing to and aiding the D/B DON D in accomplishing its mission, Claimants sustained serious physical and mental injuries when the M/T AMERICAN LIBERTY struck the D/B DON D.

### A.      Facts Related to the Underlying Incident

2.      On or about the evening of May 16, 2019, Plaintiffs were working near the Cargill dock in Reserve, Louisiana, located on the Mississippi River. At all material times, Plaintiffs were Jones Act seaman, employed by their Jones Act employer, Associated

---

[1] Claimants have previously filed a lawsuit in the Civil District Court for the Parish of Orleans, Louisiana against the owners and operators of the M/T AMERICAN LIBERTY. Claimants named additional parties to that lawsuit aside from Petitioners. Claimants reserve all claims, allegations and rights against Petitioners, as well as all third parties, and the filing of this claim is in no way a waiver of such claims, allegations and/or rights. Claimants additionally reserve their right to proceed concurrently against parties other than the Petitioners.

Terminals, LLC, and assigned to the D/B DON D, which was deployed on navigable waters where Plaintiffs were contributing to and aiding such vessel accomplish its mission. While the D/B DON D was performing work operations, a collision occurred involving multiple vessels. The vessels involved included the M/T AMERICAN LIBERTY, the M/V AFRICAN GRIFFON, and the D/B DON D. Additionally, upon information and belief, an assist tug named the M/V JOSEPHINE ANNE was also involved in the incident, as well as the events leading up to the incident.

3.      Upon information and belief, the M/T AMERICAN LIBERTY is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of, American Petroleum Tankers X, LLC, American Petroleum Tankers, LLC, American Petroleum Tankers Parent, LLC, Kinder Morgan, Inc., Crowley Global Ship Management, Inc., Crowley Maritime Corporation, and Intrepid Personnel & Provisioning, Inc. The M/T AMERICAN LIBERTY is a large chemical/oil tanker built in 2016. On the date of the underlying incident, the M/T AMERICAN LIBERTY failed to keep a proper lookout, failed to maintain control, failed to utilize adequate safety and navigational equipment, and collided with the D/B DON D causing a chain reaction involving multiple vessels.

4.      Upon information and belief, the D/B DON D was owned and operated by, and was at relevant times under the care, custody, and control of, Associated Marine Equipment, LLC.

5.      Additionally, upon information and belief, the M/V JOSEPHINE ANNE was owned, operated, managed by, and was at relevant times under the care, custody, and control of, E.N. Bisso & Sons, Inc. and Bisso Offshore, LLC. The M/V JOSEPHINE ANNE is an

assist tug that was involved in the underlying incident and the maneuvering of vessels, including the M/T AMERICAN LIBERTY.

6.      At all material times the above referenced vessels were located in the State of Louisiana, and performing business in the State of Louisiana.

7.      On the night of the incident, Claimant Bell was working aboard the D/B DON D located at or near the Cargill dock in Reserve, Louisiana, when he was required to board the M/V AFRICAN GRIFFON to perform operations between the M/V AFRICAN GRIFFON and D/B DON D. Additionally, Claimant Sayles and Claimant Knighton were located and working aboard the D/B DON D. During operations, a collision occurred on the Mississippi River between the M/T AMERICAN LIBERTY, the M/V AFRICAN GRIFFON, and the D/B DON D.

8.      As a result of the collision, an object was caused to fall from above onto Claimant Bell's head, striking him and causing severe injuries. These injuries include, but are not limited to, a brain bleed, multiple skull fractures, a broken shoulder, an epidural herniation, a fracture of the sphenoid, as well as injures to his neck, back spine and other parts of his body. Additionally, the underlying collision caused Claimant Sayles and Claimant Knighton serious injuries to their neck, head, back, spine, and other parts of their body. Specifically, Claimant Sayles and Claimant Knighton were violently rocked and jolted by the impacts, and were required to jump from a height of approximately 10 feet off the free-floating D/B DON D to a rescue tug to escape.

9.      Claimants have already undergone extensive medical treatment, and they will likely require extensive future and lifelong care as a result of their injuries.

**B.     Negligence of Petitioners**

10.     This is an action for negligence under the general maritime law.

11.     Claimants repeat, re-allege, and readopt the paragraphs above, as if stated herein and further allege:

12.     Petitioners owed a duty to act reasonably in the operation and maintenance of the M/T AMERICAN LIBERTY.   Petitioners breached their duties and are negligent, negligent per se, and grossly negligent for the following reasons:

a.     failure to maintain the M/T AMERICAN LIBERTY;

b.     failure to inspect the M/T AMERICAN LIBERTY;

c.     failure to adequately maintain, repair and/or alter the M/T AMERICAN LIBERTY;

d.     failure to adequately maintain, repair and/or alter the M/T AMERICAN LIBERTY in a timely manner before it left port;

e.     failed to adequately navigate the M/T AMERICAN LIBERTY;

f.     failure to supervise their employees, agents and/or contractors;

g.     failure to properly train their employees, agents and/or contractors;

h.     failure to provide adequate warning;

i.     vicariously liable for their employees' and/or agents' acts and/or omissions;

j.     violating applicable Coast Guard regulations;

k.     failure to exercise due care and caution;

l.     failure to conduct a proper search and rescue attempt;

m.     failure to avoid this incident;

        n.      other acts deemed negligent; and

13.     The negligent acts causing the loss occurred within the privity and knowledge of Petitioners.

14.     As a direct and proximate result of Petitioners' breach, Claimants were injured. Petitioners are liable for the following damages:

        a.      Past and future physical pain and suffering;

        b.      Past and future mental pain, suffering, and anguish;

        c.      Past and future impairment;

        d.      Past and future disfigurement;

        e.      Past and future disability;

        f.      Past lost wages;

        g.      Loss of future earning capacity;

        h.      Loss of fringe benefits;

        i.      Loss of enjoyment of life; and

        j.      All other damages recoverable under law.

15.     Claimants pray that after due proceedings are had that:

        a.      The Complaint be dismissed and the injunction or restraining order granted in this matter be dissolved;

        b.      Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla that were under common operational control and supervision and engaged in a common enterprise, and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner

appointed by the Court; in default of which the Complaint be dismissed; and pending such deposit, any injunction and/or restraining order be dissolved;

c.      Subject to and without waiver of the Claimants' right to seek and invoke all available claims and remedies in the forum of their choice, there be judgment rendered herein in favor of Claimants, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

d.      Claimants be allowed to proceed and prosecute their Claims without pre-payment of costs; and,

e.      The Court award all such other and further relief to which Claimants may be entitled under law and in equity.

16.      Claimants demand a trial by jury[2] to the full extent permitted by law.

Dated: August 7, 2019.

---

[2] Claimants reserve the right to have their claims against non-petitioner parties decided by a jury. Claimants also reserve the right to have a jury determine damages and non-limitation issues separate as it relates to Petitioners.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kyle Findley*

_____

KURT ARNOLD
(to be admitted *Pro Hac Vice)*
Texas State Bar No. 24036150
karnold@arnolditkin.com
J. KYLE FINDLEY (#34922)
kfindley@arnolditkin.com
KALA SELLERS (#36182)
ksellers@arnolditkin.com
ADAM LEWIS (#37492)
alewis@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

And

**CLAYTON, FRUGÉ & WARD**

A.M. "Tony" Clayton (#21191)
tclaytonlaw@aol.com
Michael P. Frugé (#26287)
mfruge@claytonfruge.com
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR CLAIMANTS
CLEMENT BELL,
RYHEME KNIGHTON AND
ROBERT SAYLES**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on August 7, 2019, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.  I further certify that I have mailed a copy to Jason P. Waguespack, of Galloway, Johnson, Tompkins, Burr & Smith, PLC, 701 Poydras St., Suite 4000, New Orleans, LA 70139.

*/s/ Kyle Findley*

_____

J. Kyle Findley