UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY, *et al.* | * | CIVIL ACTION |
| | * | NO. 2:19-cv-10525 c/w 19-10925;19-11813 |
| VERSUS | | |
| | * | JUDGE VANCE |
| M/T AMERICAN LIBERTY, her engines, Boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | * | MAG. ROBY |
| | | **PERTAINS TO** |
| *   *   *   *   *   *   *   *   * | | **19-10925** |

### CONTINENT MARITIME, S.A. PANAMA'S VERIFIED ANSWER, CLAIM AND THIRD-PARTY DEMAND

NOW INTO COURT, through undersigned counsel, comes Continent Maritime, S.A., Panama ("Continent Maritime"), and for its Answer to the Verified Complaint for Exoneration from or Limitation of Liability of American Petroleum Tankers X, LLC ("American Petroleum"), *in personam*, and Crowley Global Ship Management, Inc. ("Crowley"), *in personam*, as well as Continent Maritime's claim in the Limitation Action and Third-Party Demand against the M/T AMERICAN LIBERTY, *in rem*, representing as follows:

### ANSWER

### FIRST DEFENSE

American Petroleum and Crowley's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The security posted by American Petroleum and Crowley is legally insufficient, and

1

limitation should be denied because the fund is inadequate, or, alternatively, American Petroleum and Crowley should be ordered to increase the limitation fund to comply with the requirements of Rule F(1) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules").

### **THIRD DEFENSE**

For answer to the allegations of American Petroleum and Crowley's Complaint in Limitation, Continent Maritime:

States that Articles 1 and 2 do not contain allegations of fact for which an answer is required; however, if an answer is required, Continent Maritime does not contest the jurisdiction of, or venue in, this Honorable Court;

Admits Article 3;

Denies Articles 4 and 5 for lack of sufficient information to justify a belief in the truth therein;

Denies Article 6, except it admits the M/T AMERICAN LIBERTY struck Continent Maritime's vessel, the M/V EVER GRACE, causing significant damage to the M/V EVER GRACE;

Denies Article 7 for lack of sufficient information to justify a belief in the truth therein;

Admits Articles 8, 9, 10 and 11;

Denies Articles 12, 13 and 14 for lack of sufficient information to justify a belief in the truth therein;

Denies Articles 15, 16, 17 and 18;

Admits Article 19;

Denies Articles 20 and 21;

States that Articles 22, 23 and 24 do not contain allegations of fact for which an answer is required; however, if an answer is required, Continent Maritime maintains that the limitation fund is inadequate.

Denies the prayer for relief.

## FOURTH DEFENSE

Continent Maritime reserves the right to seek indemnity and/or contribution from American Petroleum and Crowley for all personal injuries, wrongful death and other damages allegedly occurring as a result of the incident which forms the basis of this case, to the extent such claims have been or may be brought against Continent Maritime and/or the M/V EVER GRACE, *in rem,* after the deadline for filing claims has elapsed in this proceeding.

## FIFTH DEFENSE

Continent Maritime maintains that American Petroleum and Crowley did not exercise due diligence and did not take the proper steps to make the M/T AMERICAN LIBERTY seaworthy in all respects and failed to comply with applicable safety rules.

## SIXTH DEFENSE

Continent Maritime maintains that the M/T AMERICAN LIBERTY's allision with the M/V EVER GRACE on 16 May 2019, and all damages arising from this casualty, were the result of negligent acts and/or omissions of American Petroleum and/or Crowley that were within the privity and knowledge of American Petroleum and/or Crowley.

## SEVENTH DEFENSE

Continent Maritime maintains that American Petroleum and/or Crowley had privity and

knowledge of all acts of negligence of the M/T AMERICAN LIBERTY's master, officers and crew, their employees and their agents as well as all unseaworthy conditions of the M/T AMERICAN LIBERTY that resulted in the M/T AMERICAN LIBERTY's allision with the M/V EVER GRACE on 16 May 2019, and all damages arising from this casualty and, therefore, neither American Petroleum nor Crowley can avail themselves of limitation of liability in this matter.

## CLAIM AND THIRD-PARTY DEMAND OF CONTINENT MARITIME

**AND NOW**, Continent Maritime, as the owner of the M/V EVER GRACE, asserts this Claim against American Petroleum and Crowley, *in personam*, and its Third-Party Demand against the M/T AMERICAN LIBERTY, *in rem*, and respectfully avers:

I.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Venue is proper in this judicial district because the events giving rise to this claim occurred in this district.

III.

Continent Maritime is a foreign corporation and was and is the owner of the M/V EVER GRACE, a 229-meter-long, 32-meter breadth bulk carrier, flying the flag of the Bahamas, which at all pertinent times was properly and staunchly moored at Archer Daniels Midland Company's ("ADM") grain elevator facility in Reserve, Louisiana (approximately Mile 139 AHP).

IV.

Made Third-Party Defendant is the M/T AMERICAN LIBERTY, *in rem*, a 183.31 meter long, 32.2 meter breadth, chemical oil tanker flying the flag of the United States of America, bearing IMO No. 9763851, which at all times pertinent was and is owned and/or operated by American Petroleum and Crowley.

V.

At or around 2030 hours on 16 May 2019, the M/T AMERICAN LIBERTY left its berth at Marathon Petroleum's Garyville Refinery, approximately Mile 140 AHP in the Lower Mississippi River, heading downriver.

VI.

Upon information and belief, shortly after leaving Marathon Petroleum, or as it was leaving the berth, the M/T AMERICAN LIBERTY lost control and/or lost engine power, and veered off course, causing the vessel to allide with numerous facilities and vessels along the river.

VII.

Without warning to the M/V EVER GRACE and due to no fault of the M/V EVER GRACE, at approximately 2045 hours on 16 May 2019, as the M/T AMERICAN LIBERTY was drifting downriver out of control, it allided with, *inter alia*, the M/V EVER GRACE and the ADM facility, as the M/V EVER GRACE was loading cargo at the ADM facility, causing significant damages to both the M/V EVER GRACE and ADM facility.

VIII.

As a result of the allision, the M/V EVER GRACE sustained substantial hull damage and other physical damages that will require the vessel to undergo permanent repairs. Further, as a

result of the AMERICAN LIBERTY's allision with the M/V EVER GRACE, Continent Maritime and the M/V EVER GRACE, *in rem*, has sustained significant damages, including, but not limited to, loss of charter hire, loss of use, consequential damages, bunker expenses incurred during periods of delay and repair, survey costs, assist tugs and pilot expenses, salvage expenses, as well as other related expenses and damages that will be proven at trial. For purposes of the present verified claim and demand, Continent Maritime currently estimates its damages at approximately $1,500,000.00.

IX.

American Petroleum, *in personam*, and Crowley, *in personam*, as owners, operators and technical managers of the M/T AMERICAN LIBERTY, as well as the M/T AMERICAN LIBERTY, *in rem*, are liable to Continent Maritime for the damages sustained to the M/V EVER GRACE, as well as other damages identified above which were all caused solely by the fault, neglect, and/or lack of due care on the part of American Petroleum, *in personam*, and Crowley, *in personam*, as well as the unseaworthiness of the M/T AMERICAN LIBERTY, all of which was in the privity and knowledge of American Petroleum, *in personam*, and Crowley, *in personam*, including but not limited to:

1) Operating the M/T AMERICAN LIBERTY in a negligent and/or unseaworthy manner;

2) Operating the M/T AMERICAN LIBERTY without a properly trained and competent crew;

3) Failure to use a sufficient number of and/or appropriate types of mooring and/or tug lines, having adequate strength and in proper condition, to securely bring the M/T AMERICAN

LIBERTY into the river and out of its berth;

4) Failure to use an adequate number of tugboats of sufficient horsepower to maintain the M/T AMERICAN LIBERTY as it was leaving its berth;

5) Failure of the captain and crew of the M/T AMERICAN LIBERTY to properly navigate and control the vessel;

6) Failure of the captain and crew to exercise reasonable care in the operation of the M/T AMERICAN LIBERTY;

7) Failure of the captain and crew of the M/T AMERICAN LIBERTY to take the necessary evasive maneuvers to avoid allision with the M/V EVER GRACE;

8) Failure to ensure that the M/T AMERICAN LIBERTY was in all respects fit and seaworthy for its intended purpose and use;

9) Negligence of the Pilot in the conning of the M/T AMERICAN LIBERTY; and

10) Other acts of negligence and/or unseaworthiness to be established at trial of this matter.

X.

American Petroleum, *in personam*, and Crowley, *in personam*, as owners, operators and technical managers of the M/T AMERICAN LIBERTY, and the M/T AMERICAN LIBERTY, *in rem*, are presumed to be at fault in this allision, all as provided for under the application of the *Oregon* Rule and/or the *Louisiana* Rule.

XI.

As a result of the allision, Continent Maritime has a preferred maritime lien on the M/T AMERICAN LIBERTY, *in rem*, and a right to arrest said vessel to perfect its preferred maritime

lien under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

XII.

Upon information and belief, the M/T AMERICAN LIBERTY is now, or will during the pendency of this action be, afloat on the navigable waters of the United States within the jurisdictional limits of this Honorable Court. Continent Maritime is, therefore, entitled to, and hereby prays for, an order pursuant to Rule C instructing the Clerk of this Court to issue a Warrant of Arrest directing the United States Marshal for this district to arrest the M/T AMERICAN LIBERTY, and to retain said vessel in his custody and control until such time as the defendants post security in an adequate amount and appropriate form to obtain the vessel's release, failing which, the said vessel should be condemned and sold to satisfy Continent Maritime's claims herein.

XIII.

On or about 3 June 2019, as a result of the Allision described above, Continent Maritime received a Letter of Undertaking ("LOU") from the M/T AMERICAN LIBERTY's P&I insurer, Steamship Mutual Underwriting Association Limited, which LOU stands as substitute security for the M/T AMERICAN LIBERTY, *in rem*, as though the vessel had been arrested under process issued by this Honorable Court, and had been released upon the filing of appropriate security, all as provided for in Supplemental Admiralty Rule E.

XIV.

As a result of defendants' negligence and unseaworthiness, Continent Maritime is entitled to a judgment against the defendants for the full amount of Continent Maritime's damages, including, but not limited to, the cost to repair the M/V EVER GRACE, as well as all consequential

damages, delay, disruption, survey costs, salvage expenses and all other related expenses, costs and pre-judgment interest and other damages that will be proven at trial.

XV.

Based on the foregoing, Continent Maritime is entitled to a judgment holding defendants, American Petroleum, *in personam*, Crowley, *in personam*, and the M/T AMERICAN LIBERTY, *in rem*, jointly and severally liable for all damages sustained by Continent Maritime as described herein, plus all expenses, attorneys' fees and pre and post-judgment interest on all sums awarded.

**WHEREFORE,** considering the foregoing, Continent Maritime, S.A., Panama, prays:

1. Its Answer be deemed good and sufficient;

2. Its claim be allowed and recognized by this Court;

3. That Third-Party Defendant, the M/T AMERICAN LIBERTY, *in rem*, be summoned to appear and answer, all and singular, the allegations set forth above;

4. That process in due form of law be issued pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and that the M/T AMERICAN LIBERTY, *in rem*, be arrested and held to satisfy Balkan's claims, plus interest, costs and attorneys' fees;

5. That after due proceedings, this Honorable Court deny exoneration from and limitation of liability to American Petroleum and Crowley, and enter judgment in favor of Continent Maritime, and against American Petroleum Tankers X, LLC, *in personam*, Crowley Global Ship Management, Inc., *in personam*, and the M/T AMERICAN LIBERTY, *in rem*, *in solido*, to pay Continent Maritime the full measure of its damages in this case, including pre and post judgment interest and all court costs, and dismissing the Limitation Complaint seeking

exoneration from or limitation of liability, without American Petroleum and/or Crowley having the benefits of the Limitation of Liability Act;

6. That the M/T AMERICAN LIBERTY be condemned and sold to satisfy any judgment awarded by the Court herein; and

7. For all such other relief that justice and the nature of the case will allow.

    Respectfully submitted,

    MURPHY, ROGERS, SLOSS,
     GAMBEL & TOMPKINS


    /s/ Peter B. Sloss
    _____
    Peter B. Sloss ( 17142)
    psloss@mrsnola.com
    Timothy D. DePaula (31699)
    tdepaula@mrsnola.com
    701 Poydras Street, Suite 400
    New Orleans, LA   70139
    Telephone:  (504) 523-0400
    Facsimile  :  (504) 523-5574
    *Attorneys for Continent Maritime, S.A., Panama*

4836-8041-4880, v. 1