UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY d/b/a ADM GRAIN COMPANY, ADM INTERNATIONAL SÀRL and AMERICAN RIVER TRANSPORTATION CO., LLC<br><br>VERSUS<br><br>M/T AMERICAN LIBERTY, her engines, tackle, apparel, etc., *in rem* | CIVIL ACTION NO.: 19-cv-10525<br>    c/w 19-cv-10925 & 19-cv-11813<br><br>SECTION R \| DIVISION 4<br><br>JUDGE VANCE<br><br>MAGISTRATE ROBY<br><br>**RE: 19-cv-10925** |

**ANSWER TO THE VERIFIED COMPLAINT OF AMERICAN PETROLEUM TANKERS X, LLC AND CROWLEY GLOBAL SHIP MANAGEMENT, INC FOR EXONERATION FROM OR LIMITATION OF LIABILITY & CLAIM IN LIMITATION**

NOW COMES Archer Daniels Midland Company d/b/a ADM Grain Company, ADM International Sarl, and American River Transportation Co., LLC (collectively "Claimants"), who file this Answer to the Complaint of American Petroleum Tankers X, LLC and Crowley Global Ship Management, Inc. (collectively "Limitation Petitioners") for Exoneration from or Limitation of Liability ("Complaint") (Rec. Doc. 1 in CA No. 19-10925) and respectfully aver as follows:

FIRST DEFENSE

The limitation fund is inadequate, and the Complaint should be dismissed because Limitation Petitioners have failed to deposit adequate security for the vessel(s) identified in the Complaint pursuant to Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, but reserve the right to amend after appraisal of the vessel.

SECOND DEFENSE

The Limitation of Liability Act is not applicable in the instant case because, at all times pertinent herein, the underlying incident was the result of the negligence, fault, and/or want of due

care on the part of the crew of M/T AMERICAN LIBERTY and/or unseaworthiness of the vessel, all of which was within the privity and knowledge of Limitation Petitioners.

### THIRD DEFENSE

To the extent Limitation Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners/operators.

### FOURTH DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Crowley lacks standing to pursue a claim for exoneration from or limitation of liability under the Limitation of Liability Act.

### FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because M/T AMERICAN LIBERTY was known by her owner and/or owner *pro hac vice* to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to conduct adequate inspection of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of M/T AMERICAN LIBERTY and/or her crew, and/or other failure, acts, or omissions of the defendants and of M/T AMERICAN LIBERTY which may be shown at trial.

### SIXTH DEFENSE

Claimants Reserve the right to contest the appraised value of M/T AMERICAN LIBERTY, her engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

AND NOW, specifically reserving all defenses asserted herein, Claimants respond to the individual paragraphs of the Complaint as follows:

1.

The allegations of paragraph 1 are denied, except to admit that this Court has jurisdiction over this matter under the Court's admiralty and maritime jurisdiction.

2.

The allegations of paragraph 2 are denied, except to admit that venue is proper before this Court.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of paragraph 4 are admitted.

5.

The allegations of paragraph 5 are admitted.

6.

The allegations of paragraph 6 are denied.

7.

The allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are admitted.

9.

The allegations of paragraph 9 are admitted.

10.

The allegations of paragraph 10 are denied except as specifically stated in pleadings filed herein.

11.

The allegations of paragraph 11 are admitted.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are admitted.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations paragraph 24 are denied.

25.

The allegations of the prayer are denied.

WHEREFORE, Claimants, Archer Daniels Midland Company d/b/a ADM Grain Company, ADM International Sarl, and American River Transportation Co., LLC, pray that their Answer be deemed good and sufficient and after due proceedings that the Complaint of American Petroleum Tankers X, LLC and Crowley Global Ship Management, Inc. for Exoneration from or Limitation of Liability be denied and that there be judgment against Limitation Petitioners, American Petroleum Tankers X, LLC and Crowley Global Ship Management, Inc., and Steamship Mutual, jointly, severally, and *in solido*.

## **CLAIM IN LIMITATION**

AND NOW INTO COURT, through undersigned counsel, comes Claimants, Archer Daniels Midland Company d/b/a ADM Grain Company, ADM International Sarl, and American River Transportation Co., LLC, and file their claims in the Limitation Action of American Petroleum Tankers X, LLC and Crowley Global Ship Management and avers as follows:

1.

At all times hereinafter, Claimant, Archer Daniels Midland Company d/b/a ADM Grain Company ("ADM Grain"), was and is now a corporation organized under the laws of the state of Delaware and with its principal place of business located in the state of Illinois, which is authorized and is doing business within the State of Louisiana.

2.

ADM Grain is the operator of a grain elevator facility at or near Reserve, Louisiana, Mile Marker 139 AHP Lower Mississippi River.  This facility contains a dock and loading equipment used to load ocean going vessels with cargo.

3.

ADM International Sàrl ("ADMI") is ADM's international trading and operating arm in Europe, and is a company organized and existing under the laws of Switzerland, with its principal place of business in Rolle, Switzerland.

4.

American River Transportation Co., LLC (hereinafter "ARTCO") is a company organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Illinois which was the owner and operator of stationary dry cargo barges which were located in a barge fleet near the ADM grain elevator facility in Reserve, Louisiana (hereinafter the "ARTCO fleet").

5.

At all times hereinafter, Defendant, M/T AMERICAN LIBERTY (the "Vessel"), was and is now an oil/chemical tanker bearing IMO No. 9763851 with an overall length of 183.31 meters, a breadth of 32.2 meters, and flying under the flag of United States of America.

6.

The Vessel is owned by American Petroleum Tankers X, LLC and jointly operated by Crowley Maritime Corporation, who are owners *pro hac vice* of the Vessel.

7.

On or about the evening of May 16, 2019, the Vessel turned out of the Marathon Petroleum berth at or near Mile Marker 140 AHP Lower Mississippi River and shortly after having done so, the Vessel lost control and/or lost engine power causing it to allide with M/V AFRICAN GRIFFIN as well as crane barge DON D and a hopper barge connected thereto, knocking DON D and the hopper barge off M/V AFRICAN GRIFFIN.  Thereafter, the Vessel and DON D along with the hopper barge connected thereto continued to travel down river out of control and/or without engine power and allided with ADM Grain's elevator grain facility at Reserve, Louisiana causing significant damage to the facility as well as to M/V EVER GRACE, which was loading cargo at ADM Grain's elevator grain facility.  Additionally, the Vessel and/or DON D and the hopper barge also allided with the ARTCO fleet, causing damages to several ARTCO barges, wires, rigging, and requiring rescue efforts and tug assistance.  Finally, ADMI was the charterer of M/V EVER GRACE which was loading soybeans at ADM Grain's Reserve, Louisiana, facility at the time of the allision.  M/V EVER GRACE was scheduled to transport approximately 60,000 metric tons of soybeans to an ADM Grain vegetable oil crushing and processing facility in Europe.  The damage to M/V EVER GRACE and the delay in delivery of the cargo necessitated ADMI sourcing an immediate replacement cargo of soybeans out of Brazil at a much higher price.

8.

As a result of the Vessel's allision with ADM Grain's elevator grain facility at Reserve, Louisiana and M/V EVER GRACE, a substantial part of upriver end of ADM Grain's elevator

grain facility was destroyed and/or significantly damaged, such that the facility will be closed for repairs for a substantial amount of time. Additionally, as a result of the allision, ADM Grain, ADMI, and ARTCO have incurred and will continue to incur additional expenses including, but not limited to, repair costs, replacement costs, and survey costs. Damages for ADM Grain, ADMI, ARTCO, and their underwriters are likely to exceed $80 million, but the amount at this time cannot be predicted until it can be determined if certain repairs can be made before next high river season.

10.

The allision with ADM Grain's elevator grain facility and the ARTCO fleet at Reserve, Louisiana herein described and all losses and damages resulting therefrom were in no way caused or contributed by any fault, negligence, or want of care on the part of ADM Grain, ADMI, or ARTCO, or of anyone for whose acts ADM Grain, ADMI, or ARTCO may be responsible, but on the contrary, the allision and resulting damage was caused solely by the fault and neglect of the Vessel and those in charge of the navigation and operation of the Vessel in the following particulars, among others:

   a. The Vessel was unseaworthy;
   b. The Vessel was manned by incompetent persons who were inattentive to their duties;
   c. The Vessel was negligently navigated; and
   d. Those in charge of the vessel were negligent in other respects which violate the standards of good seamanship.

WHEREFORE, Claimants, Archer Daniels Midland Company d/b/a ADM Grain Company, ADM International Sarl, and American River Transportation Co., LLC, respectfully request that after a trial on the merits of this cause, that judgment be entered in favor of Claimants

denying limitation and for a monetary reward in favor of Claimants against Limitation Petitioners and M/V AMERICAN LIBERTY, *in rem*, and any other party at fault, jointly, severally, and *in solido*, in an amount to cover:

    a.    Actual damages, losses, costs, expenses, loss of use;

    b.    Pre-judgment interest at 6% per annum;

    c.    Post-judgment interested at the maximum legal rate;

    d.    Court costs and expenses; and

    e.    Such other and further relief, special and general, legal and equitable, to which the Claimants may show itself justly entitled.

Respectfully submitted:

SALLEY HITE MERCER & RESOR, LLC

*/s/ Kevin M. Frey*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
mmouledoux@shmrlaw.com
kfrey@shmrlaw.com

*Counsel for Archer Daniels Midland Company d/b/a ADM Grain Company, ADM International Sàrl, and American River Transportation Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/Kevin M. Frey*