UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND** | * | **CIVIL ACTION NO. 19-10525** |
| **COMPANY, ET AL.** | * | **THIS APPLIES TO C.A. 19-11813** |
| | * | |
| **VERSUS** | * | **SECTION R(4)** |
| | * | |
| **M/T AMERICAN LIBERTY, her** | * | **JUDGE VANCE** |
| **engines, tackle, apparel, etc.,** *in rem* | * | **MAGISTRATE ROBY** |

## ANSWER, DEFENSES, AND CLAIMS OF JOE RICHARDSON

Claimant, Joe Richardson, respectfully objects and submits the following Answer, Defenses, and Claims in response to E.N. Bisso & Son, Inc.'s and Bisso Offshore, LLC's (collectively referred to as "Petitioners'") complaint for exoneration from or limitation of liability and declaratory judgment (the "Complaint"), and upon information and belief state as follows:

## AFFIRMATIVE DEFENSES

Joe Richardson respectfully submits the following affirmative defenses, which if inconsistent or later deemed inapplicable, are pled in the alternative:

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, is unconstitutional in that it deprives Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the M/V JOSEPHINE ANNE and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the M/V JOSEPHINE ANNE and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

### SIXTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessel(s) involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V JOSEPHINE ANNE and/or the other vessels contained within the flotilla were known by the owner and/or owner pro hac vice to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Claim and Answer herein.

**TENTH DEFENSE**

The events culminating in the Claimant's injuries were the result (in whole or in part) of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the M/V JOSEPHINE ANNE and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint should be denied.

**ELEVENTH DEFENSE**

The events culminating in the Claimant's injuries were not the result of any negligence, fault, or want of due care on his part individually.

## TWELFTH DEFENSE

Claimant further alleges that there was insurance coverage on the M/V JOSEPHINE ANNE insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (solely in the event the Court determines this limitation proceeding is appropriate).

## THIRTEENTH DEFENSE

Claimant state that the proceeds of any judgment, award, or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in the forum of his choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies). The filing of this Claim and Answer is in no way a waiver of these rights and defenses, and Claimant are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTEENTH DEFENSE

Claimant reserves the right to move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this

limitation action (should resolution of this action precede judgment in other actions), Claimant reserves and hereby asserts his right to have his claims and damages tried to a jury in the court of his choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to Claimant. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2d ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## SEVENTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the M/V JOSEPHINE ANNE and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## EIGHTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

## NINETEENTH DEFENSE

Petitioners are not "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq.*

**TWENTIETH DEFENSE**

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioners were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioners. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Claim in this proceeding, and state that:

**ANSWER OF JOE RICHARDSON**

1. The allegations contained in Paragraph 1 of the Complaint are admitted in that this proceeding is for exoneration from or limitation of liability, and jurisdiction for such a proceeding is proper, though Claimant denies that Petitioners are entitled to any relief.

2. In response to Paragraph 2 of the Complaint, Claimant does not contest that venue is proper for this proceeding, though Claimant denies that Petitioners are entitled to any relief.

3. In response to Paragraph 3 of the Complaint, Claimant admits that the Petitioners have at times operated tug boats on the Mississippi River, one of the Petitioners is a Louisiana corporation, and this matter involves a maritime incident on or about May 16, 2019 involving, among other vessels, the M/V JOSEPHINE ANNE and the M/T AMERICAN LIBERTY, which resulted in personal injuries to Claimant. All other allegations are denied for lack of sufficient information to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5. The allegations contained in Paragraph 5 of the Complaint are admitted upon information and belief.

6. The allegations contained in Paragraph 6 of the Complaint that the M/V JOSEPHINE ANNE was in good working order and properly manned are denied. The remainder of the paragraph is denied for lack of sufficient information to justify a belief therein.

7. The allegations contained in Paragraph 7 of the Complaint are generally denied for lack of sufficient information to justify a belief therein, except to admit that the M/V JOSEPHINE ANNE was involving in maneuvering the M/T AMERICAN LIBERTY, and the M/T AMERICAN LIBERTY allided or collided with other vessels in the Mississippi River on or about the referenced date.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are admitted to the extent Archer Daniels Midland Co. d/b/a ADM Grain Co., ADM International Sarl, and American River Transportation Co., LLC filed a lawsuit against the M/T AMERICAN LIBERTY. The remainder of Paragraph 10, including its subparts, is denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraph 11 of the Complaint are denied except to admit that one or both of the Petitioners owned the M/V JOSEPHINE ANNE.

12. The allegations contained in Paragraph 12 of the Complaint are denied.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. In response to Paragraph 14 of the Complaint, Claimant denies that Petitioners are entitled to any relief.

15. The allegations contained in Paragraph 15 of the Complaint are denied except to admit that Claimant's claims may exceed the value of the M/V JOSEPHINE ANNE.

16. The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17. The allegations contained in Paragraph 17 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incident, which occurred on or about May 16, 2019, though the rest is denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein. The sufficiency and/or adequacy of the amount of the *Ad Interim* stipulation is denied.

19. In response to Paragraph 19 of the Complaint, Claimant denies that the Petitioners are entitled to any relief and denies that the Petitioners have valid defenses.

20. In response to Paragraph 20 of the Complaint, Claimant denies that the Petitioners are entitled to any relief.

21. In response to Paragraph 21 of the Complaint, Claimant denies that the Petitioners are entitled to any relief.

22. Paragraph 22 of the Complaint states conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, Claimant does not contest that venue is proper for this proceeding.

23. The allegations contained in Paragraph 23 of the Complaint are denied except to admit that jurisdiction for this proceeding is proper. Petitioners are not entitled to any relief.

24. The allegations contained in the prayer for relief starting on page 8 of the Complaint (including sub-paragraphs 1-5) are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are denied. Claimant further specifically denies the adequacy of the valuation of the M/V JOSEPHINE ANNE. Petitioners' *Ad Interim* Stipulation does not state or identify the amount of cargo, if any, aboard the Vessel at the time of the accident, nor does it provide any value of such cargo. Additionally, Petitioners' *Ad Interim* Stipulation does not state the amount of insurance proceeds present and available to be accounted for. Claimant further denies the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of their interest in the M/V JOSEPHINE ANNE and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the Vessel and/or provide a bond for the value of the Vessel, issued by a reputable surety company to be approved by the Court. In doing so, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

25. Any allegation not expressly admitted herein is denied.

## CLAIMS OF JOE RICHARDSON

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, Joe Richardson files his Claims in connection with the Complaint for Exoneration from and/or Limitation of Liability and states that the Defendants to his claims are as follows:

A. BACKGROUND FACTS

1. On the evening of May 16, 2019, Plaintiff was working near the Cargill dock in Reserve, Louisiana, located on the Mississippi River. At all material times, Plaintiff was a Jones

9

Act seaman, employed by his Jones Act employer, Associated Terminals, LLC and assigned to the D/B DON D, which was deployed on navigable waters where Plaintiff was contributing to and aiding such vessel accomplishing its mission. While the D/B DON D was performing work operations, a collision occurred involving multiple vessels. The vessels involved included the M/T AMERICAN LIBERTY, the M/V AFRICAN GRIFFON, and the D/B DON D. Additionally, upon information and belief, an assist tug named the M/V JOSEPHINE ANNE was also involved in the incident, as well as the events leading up to the incident. According to Petitioners' Complaint, another tug was involved in the incident as well.

2.     Upon information and belief, the M/T AMERICAN LIBERTY is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of American Petroleum Tankers X, LLC; American Petroleum Tankers, LLC; American Petroleum Tankers Parent, LLC; Kinder Morgan, Inc.; Crowley Global Ship Management, Inc.; Crowley Maritime Corporation; and Intrepid Personnel & Provisioning, Inc. The M/T AMERICAN LIBERTY is a large chemical/oil tanker built in 2016. On the date of the underlying incident, the M/T AMERICAN LIBERTY failed to keep a proper lookout, failed to maintain control, failed to utilize adequate safety and navigational equipment, and collided with the D/B DON D, causing a chain reaction involving multiple vessels.

3.     Upon information and belief, the D/B DON D was owned and operated by, and was at all relevant times under the care, custody, and control of Associated Marine Equipment, LLC.

4.     Additionally, upon information and belief, the M/V JOSEPHINE ANNE was owned, operated, managed by, and was at relevant times under the care, custody, and control of E.N. Bisso & Sons, Inc. and Bisso Offshore, LLC. The M/V JOSEPHINE ANNE is an assist tug

that was involved in the underlying incident and the maneuvering of vessels, including the M/T AMERICAN LIBERTY.

5. At all material times the above referenced vessels were located in the State of Louisiana and were performing business in the State of Louisiana.

6. On the night of the incident, Claimant Richardson was working aboard the D/B DON D located at or near the Cargill dock in Reserve, Louisiana, when he was required to board the M/V AFRICAN GRIFFON to perform operations between the M/V AFRICAN GRIFFON and the D/B DON D. During operations, a collision occurred between the M/T AMERICAN LIBERTY, the M/V AFRICAN GRIFFON, and the D/B DON D.

7. As a result of the collision, Claimant Richardson suffered severe injuries, including cervical strain, protrusion at C5-C6, upper thoracic strain, lumbosacral strain, possible herniated nucleus pulposus of the lumbosacral spine, effusion of the left knee, as well as patellar tendinitis. These injuries occurred when Claimant Richardson was violently rocked and jolted by the impacts and was required to jump from a height of approximately 10 feet off the D/B DON D to a rescue tug.

8. Claimant has already undergone extensive medical treatment and will likely require additional medical treatment.

B. **NEGLIGENCE OF PETITIONERS**

9. This is an action for negligence under general maritime law.

10. Claimant repeats, re-alleges, and readopts the paragraphs above, as if stated verbatim herein and further alleges:

11. Petitioners owed a duty to act reasonably in the operation and maintenance of the M/V JOSEPHINE ANNE. Petitioners breached their duties and are negligent, negligent per se, and grossly negligent because they:

    a. Failed to maintain the M/V JOSEPHINE ANNE;

    b. Failed to inspect the M/V JOSEPHINE ANNE;

    c. Failed to adequately repair the M/V JOSEPHINE ANNE;

    d. Failed to adequately navigate the M/V JOSEPHINE ANNE;

    e. Failed to supervise their employees, agent, and/or contractors;

    f. Failed to properly train their employees, agents, and/or contractors;

    g. Failed to provide adequate warning;

    h. Are vicariously liable for their employees' and/or agents' acts and/or omissions;

    i. Violated applicable Coast Guard regulations;

    j. Failed to exercise due care and caution;

    k. Failed to avoid this incident; and

    l. Committed other acts deemed to be negligent.

12. These actions causing the loss occurred within the privity and knowledge of Petitioners.

13. As a direct and proximate result of Petitioners' breach, Claimant Richardson was injured. Therefore, Petitioners are liable for Claimant's following damages:

    a. Past and future physical pain and suffering;

    b. Past and future mental pain, suffering, and anguish;

    c. Past and future impairment;

    d. Past and future disfigurement;

  e. Past and future disability;

  f. Past lost wages;

  g. Loss of future earning capacity;

  h. Loss of fringe benefits;

  i. Loss of enjoyment of life; and

  j. All other damages recoverable under law.

 14. Claimant prays that after due proceedings are had that:

  a. The Complaint be dismissed and the injunction or restraining order granted in this matter be dissolved;

  b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla that were under the common operational control and supervision and engaged in a common enterprise, and that said security be, by way of cash, deposited into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint be dismissed; and pending such deposit, any injunction and/or restraining order be dissolved;

  c. Subject to and without waiver of the Claimant's right to seek and invoke all available claims and remedies in the forum of his choice, there be judgment rendered herein in favor of Claimant and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

  d. Claimant be allowed to proceed and prosecute his claims without pre-payment of costs; and,

e. The Court award all such other and future relief to which Claimant may be entitled until law and in equity.

15. Claimant demands a trial by jury to the full extent permitted by law, while still reserving his rights to have his claims against non-petitioner parties decided by a jury, including damages and non-limitation issues separately, as they relate to Petitioners.

Respectfully submitted,

/s/ Andy Dupre
Andy Dupre (La. Bar No. 32437)
Gary M. Carter, Jr. (La. Bar No. 27987)
**CARTER DUPRE LLP**
2401 Westbend Parkway
Suite 3070
New Orleans, LA 70114
Telephone: 504-459-2309
Facsimile: 504-459-2312

-AND-

Ryan H. Zehl (*Pro Hac Vice Forthcoming*)
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matthew O. Greenberg (*Pro Hac Vice Forthcoming*)
Texas State bar No. 24090136
mgreenberg@zehllaw.com
W. Lamar Delong (*Pro Hac Vice Forthcoming*)
Texas State Bar No. 24101693
ldelong@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Fax: (713) 583-8545

**ATTORNEYS FOR PLAINTIFF/CLAIMANT, JOE RICHARDSON**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed into the CM/ECF system this 17th day of October, 2019, which will provide a copy to all counsel of record. I further certify that a copy of the foregoing was sent by email and U.S. mail to Scott R. Wheaton, Jr. of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras St., Suite 2775, New Orleans, Louisiana 70130.

                                            /s/     Andy Dupre