UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND COMPANY, ET AL.** | * * * * * | **CIVIL ACTION NO. 19-10525** <br><br> REF:  19-10925; <br>       19-11813; and <br>       19-12748 |
| v. | * * * | JUDGE: VANCE |
| **M/T AMERICAN LIBERTY**, her Engines, tackle, apparel, etc., *in rem* | * * * * | SECTION: R <br><br> MAG. JUDGE: ROBY <br><br> MAG. DIV.: 4 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF
MOTION TO SHORTEN MONITION PERIOD AND/OR OPEN DISCOVERY**

Claimants Clement Bell, Ryheme Knighten, and Robert Sayles ("Claimants") file this memorandum in support of their motion to shorten the monition period in Case No. 19-12748, or alternatively, to permit discovery to immediately begin in this consolidated case.

**I.**

This case involves three Limitation of Liability proceedings arising from the same incident, which are consolidated.

The first action, filed by American Petroleum Tankers X, LLC and Crowley Global Ship Management, Inc., is Case No. 19-10925. That action was filed on June 6, 2019.[1] The Court set a four-month monition period, requiring all relevant claims to be filed on or before October 7, 2019.[2]

---

[1]   2:19-cv-10925 at Rec. Doc. 1.

[2]   *Id*. at Rec. Doc. 6, p. 1., ¶1.

The second action, filed by E.N. Bisso & Son, Inc. and Bisso Offshore, LLC, is Case No. 19-11813. It was filed on July 24, 2019.[3] The Court set a three-month monition period, requiring all relevant claims to be filed on or before October 25, 2019.[4]

And the third action, filed by Associated Terminals, LLC and Associated Marine Equipment, LLC, is Case No. 19-12748. It was filed on September 23, 2019.[5] Although this action arises from the same event, a much longer monition period was set. In this action, the monition period was set for May 16, 2020—a nearly 8-month monition period.[6]

## II.

The monition period set in the third action is set so far out that the Court recently had to cancel its preliminary conference.[7] That conference is a significant event in the Eastern District of Louisiana because it is in that conference whereby discovery is typically ordered to commence. The inability of the parties to hold that conference means that discovery in this case is on hold until the monition period in the third action runs. That period will not run for another five months.

## III.

The monition period that was set in the third action was entirely discretionary and is far longer than is required under the rules. Supplemental Admiralty Rule F(4) requires only that the monition period "shall not be less than 30 days after the notice."[8] Especially considering that the three consolidated actions at issue arise from the same incident, one naturally assumes that all

---

[3] 2:19-cv-11813 at Rec. Doc. 1.
[4] *Id*. at Rec. Doc. 4, p. 2, ¶3.
[5] 2:19-cv-12748 at Rec. Doc. 1.
[6] *Id*. at Rec. Doc. 4, p. 3, ¶4.
[7] 2:19-cv-10525 at Rec. Doc. 86.
[8] Supplemental Admiralty Rule F(4).

likely Claimants have come forward at this point. The Court, in its discretion, should substantially shorten the monition period on Case No. 19-12748 so that the parties in this case may proceed to have their disputes resolved. It does not make sense for the claims deadline to remain so extenuated when the most likely litigants in this case are already in Court in connection with the consolidated actions. The Claimants respectfully suggest that the Court should order the monition period shortened to approximately February 28, 2020.

## IV.

Solely in the alternative, in the event that the Court is not inclined to shorten the monition period in Case No. 19-12748, then the Court should exercise its inherent discretion over discovery matters and permit the parties in all of the consolidated limitation cases—19-10925, 19-11813, and 19-12748—to exchange their initial disclosures and commence immediate discovery in earnest. Discovery is the only practical way in which this matter can move forward, and it would not be productive to the Claimants (or any other parties) for the case to remain in dormancy for five more months—especially considering the serious harms that need to be remedied.[9]

## V.

The Claimants respectfully ask that the Court either substantially shorten the monition period in Case No. 19-12748 or, alternatively, order that the parties are given the Court's permission to immediately commence discovery in earnest.

---

[9] One of the Claimants, Clement Bell, sustained very severe injuries in the underlying matter—including bleeding from the brain.

Respectfully submitted,

/s/     Kyle Findley
Kurt Arnold
(admitted *Pro Hac Vice*)
karnold@arnolditkin.com
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
Kala F. Sellers (#36182)
ksellers@arnolditkin.com
Adam D. Lewis (#37492)
alewis@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Telephone: 713-222-3800
Facsimile: 713-222-3850
kbateam@arnolditkin.com

and

A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
**CLAYTON, FRUGÉ, & WARD**
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR PLAINTIFFS CLEMENT BELL, RYHEME KNIGHTEN, AND ROBERT SAYLES**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 8th day of January, 2020, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/     Kyle Findley