UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY d/b/a ADM GRAIN COMPANY, ADM INTERNATIONAL SÀRL and AMERICAN RIVER TRANSPORTATION CO., LLC | CIVIL ACTION NO.: 19-cv-10525 c/w 19-cv-10925, 19-cv-11813, 19-12748 |
| | SECTION R \| DIVISION 4 |
| VERSUS | JUDGE VANCE |
| M/T AMERICAN LIBERTY, her engines, tackle, apparel, etc., *in rem* | MAGISTRATE ROBY |
| | **APPLIES TO 19-11813** |

**THIS PLEADING PERTAINS TO THE LIMITATION ACTION, CIVIL NO. 19-11813**

**AMENDED ANSWER TO COMPLAINT FOR EXONERATION**

NOW INTO COURT, through undersigned counsel, come Lexington Insurance Company, XL Insurance America Inc., Certain Underwriters at Lloyd's Syndicate 2987, Crum & Forster Specialty Insurance Company, Partner Reinsurance Europe SE, Endurance Assurance Corporation, Certain Underwriters at Lloyd's Syndicate 1183, AXIS Reinsurance Company, Allied World Assurance Company Ltd and SCOR Reinsurance Company (collectively "Certain ADM Insurers"), as subrogees of Archer Daniels Midland Company ("ADM") and for their amended answer to the Complaint for Exoneration from or Limitation of Liability and Declaratory Judgment filed by E.N. Bisso & Son, Inc. and Bisso Offshore, LLC (collectively "ENB"), aver as follows:

<u>FIRST DEFENSE</u>

NOW ANSWERING the particular allegations of the Complaint, Certain ADM Insurers state:

1.

Certain ADM Insurers submit that paragraph 1 does not require an answer. To the extent this Court requires an answer, Certain ADM Insurers admit the truth of the allegations contained in paragraph 1.

2.

Certain ADM Insurers submit that paragraph 2 does not require an answer. To the extent this Court requires an answer, Certain ADM Insurers admit the truth of the allegations contained in paragraph 2.

3.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 3 for lack of knowledge or information to justify a belief in the truth thereof.

4.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 4 for lack of knowledge or information to justify a belief in the truth thereof.

5.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 5 for lack of knowledge or information to justify a belief in the truth thereof.

6.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 6.

7.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 7 for lack of knowledge or information to justify a belief in the truth thereof.

8.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 8.

9.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 9.

10.

Certain ADM Insurers admit the truth of the allegations contained in paragraph 10 as they pertain to Archer Daniels Midland Company, d/b/a ADM Grain Company, ADM International Sarl, and American River Transportation Co., LLC.  Except as specifically admitted, Certain ADM Insurers deny the truth of the allegations contained in paragraph 10 for lack of knowledge or information to justify a belief in the truth thereof.

11.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 11 for lack of knowledge or information to justify a belief in the truth thereof.

12.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 12 for lack of knowledge or information to justify a belief in the truth thereof.

13.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 13.

14.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 14, and specifically deny that ENB is entitled to the benefits claimed in paragraph 14.

15.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 15 for lack of knowledge or information to justify a belief in the truth thereof.

16.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 16 for lack of knowledge or information to justify a belief in the truth thereof.

17.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 17 for lack of knowledge or information to justify a belief in the truth thereof.

18.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 18 for lack of knowledge or information to justify a belief in the truth thereof.

19.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 19.

20.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 20.

21.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 21.

22.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 22 for lack of knowledge or information to justify a belief in the truth thereof.

23.

Certain ADM Insurers deny the truth of the allegations contained in paragraph 23.

## SECOND DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted. ENB lacks standing to pursue a claim for limitation from or exoneration from liability under the Limitation of Liability Act.

## THIRD DEFENSE

The Limitation of Liability Act is not applicable in this case because at all relevant times, the M/V JOSEPHINE ANNE was operated in a willful, wanton, and reckless manner, or, in the alternative, the conduct and actions which led to the incident took place with the privity and knowledge of her owners, managing owners, owners *pro hac vice*, agents, employees, representatives and/or operators.

## FOURTH DEFENSE

The Limitations of Liability Act is not applicable in this case because the M/V JOSEPHINE ANNE was known by her owner and/or owner *pro hac vice* to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper

management of the M/V JOSEPHINE ANNE and/or her crew, and/or other failures, acts and/or omissions of the defendants and of the M/V JOSEPHINE ANNE which may be proven at trial.

### FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because the owner and/or owner *pro hac vice* of the M/V JOSEPHINE ANNE did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject event occurred.

### SIXTH DEFENSE

The Letter of Undertaking posted as security in the Complaint is improper and inadequate security for this proceeding and the Complaint should be dismissed or failure to post security and/or adequate security.

### SEVENTH DEFENSE

Certain ADM Insurers invoke and plead the application of *The Louisiana*, *The Oregon*, and *The Pennsylvania* Rules.

### EIGHTH DEFENSE

Certain ADM Insurers reserve the right to plead any and all applicable affirmative defenses, claims, cross-claims and counterclaims against all parties, including but not limited to the right to plead and/or seek indemnity and contribution against all persons and entities that may be legally responsible for the incident described herein, and/or other defenses and/or claims as they are revealed through discovery.

WHEREFORE, Certain ADM Insurers request that their Amended Answer to the Complaint of E.N. Bisso & Son, Inc. and Bisso Offshore, LLC be deemed good and sufficient, and that after due proceedings that the complaint for exoneration from or limitation of liability be

dismissed at plaintiffs' costs, and that Certain ADM Insurers be awarded judgment in their favor, in the full amount of the claim they assert in this matter.

        Respectfully submitted,

        /s/ Charles E. Riley, IV_____
        CHARLES E. RILEY, IV (28200)
        DANIEL J. CARUSO, T.A. (3941)
        DAVID F. BIENVENU (3070)
        SIMON PERAGINE SMITH & REDFEARN, LLP
        1100 Poydras St., 30th Floor
        New Orleans, LA 70163
        Phone: 504-569-2030
        Fax: 504-569-2999
        criley@spsr-law.com
        danc@spsr-law.com
        davidb@spsr-law.com

        and

        /s/ Alyssa J. Endelman_____
        *ALYSSA J. ENDELMAN
        *BRANDON T. BROWN
        DENENBERG TUFFLEY, PLLC
        *Admitted Pro Hac Vice
        28411 Northwetern Hwy., Suite 600
        Southfield, MI 48034
        Phone: 248-549-3900
        Fax: 248-593-5808
        aendelman@dt-law.com
        bbrown@dt-law.com

        *Attorneys for Certain ADM Insurers*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 15th day of January, 2020, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

/s/ Charles E. Riley, IV
Charles E. Riley, IV (28200)
SIMON PERAGINE SMITH & REDFEARN LLP
1100 Poydras St., 30th Floor
New Orleans, LA 70163
Phone: 504-569-2030
Fax: 504-569-2999
criley@spsr-law.com