**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND** | * | **CIVIL ACTION NO. 19-10525** |
| **COMPANY, ET AL.** | * | |
| | * | **REF:  19-10925;** |
| | * | **19-11813; and** |
| | * | **19-12748** |
| **v.** | * | |
| | * | **JUDGE: VANCE** |
| | * | |
| **M/T AMERICAN LIBERTY**, her | * | **SECTION: R** |
| **Engines, tackle, apparel, etc.,** *in rem* | * | |
| | * | **MAG. JUDGE: ROBY** |
| | * | |
| | * | **MAG. DIV.: 4** |
| ************************************** | | |

<u>**REPLY MEMORANDUM IN SUPPORT OF PENDING MOTIONS**</u>

Claimants Clement Bell, Ryheme Knighten, and Robert Sayles ("Claimants") respectfully file this reply memorandum in support of their pending (1) motion  to bifurcate,[1] (2) motion to clarify and/or modify the restraining orders,[2] and (3) motion to shorten the monition period and/or open discovery.[3] Certain oppositions have been filed to the motions. The Claimants' respond regarding each of the three motions below.

**I.**

In these consolidated cases, the Claimants moved the Court to bifurcate the limitation proceedings on core issues from the adjudication on damages/fault.[4] The motion is important because it shapes the very type of trial that will take place. As the Claimants' motion explained, they ultimately wish to exercise their Savings to Suitors rights and pursue their claims before a

---

[1]       Rec. Doc. 89, motion to bifurcate.

[2]       Rec. Doc. 90, motion to clarify and/or modify restraining orders.

[3]       Rec. Doc. 91, motion to shorten the monition period and/or open discovery.

[4]       Rec. Doc. 89, motion to bifurcate.

jury in state court. Substantial precedent—including precedent from this Court—grants them that right through the bifurcation procedure. Under it, a trial on the "core" issues in limitation (negligence and privity/knowledge) first takes place. Depending upon the outcome of the limitation proceeding, other matters may then be delegated to a state-court determination or a second phase of trial. These points are substantially briefed in the Claimants' motion.

The limitation petitioners have filed responses to the motion. One group of petitioners basically agrees that bifurcation makes sense,[5] but two others have opposed it.[6]

The first opposition group essentially complains that the Claimants—and apparently various courts—are misreading the law on bifurcation.[7] This group contends that it *must* be given protective stipulations before the Claimants may pursue their remedies in state court. But the argument misses the mark at this phase of the case. The question is whether the Court should order bifurcation and try the core issues in limitation *first*. Depending upon the result of that trial, various claimants may then have the right to return to state court uninhibited against one or more current limitation petitioners.[8] Certainly no petitioner who is *denied* limitation may demand a stipulation. Those petitioners will face uncapped state-court liability. And if any petitioner is found entitled to limitation, this Court will have several equitable means to ensure that the limitation is honored. But issues of that nature are not yet before the Court. For now, it is enough that the Court should

---

[5]     Rec. Doc. 102, E.N. Bisso & Son, Inc. parties' response to motion.

[6]     Rec. Doc. 105, Associated Marine Equipment parties' opposition; Rec. Doc. 108, APT parties' opposition.

[7]     Rec. Doc. 108, APT parties' opposition, pp. 10-11.

[8]     Regardless of the timeframe or the result in the limitation proceedings, the Claimants may pursue in state court—now and on their own desired timeframe—entities other than the limitation petitioners for liability for the accident. The Limitation of Liability Act extends its procedural and substantive protections to vessel owners, only. *Zapata Hayne Corp. v. Arthur*, 926 F. 2d 484, 485 (5th Cir. 1991).

order bifurcation and limit the trial to the core limitation issues of negligence and privity/knowledge. No other matters are at issue.

The second group objects to the motion to bifurcate because, to obtain a quicker judgment against others, it wants the Court's trial in limitation to not only try the "core" issues of limitation, but to also try damages for *all* claimants.[9] The suggestion is striking. There are at least 24 claimants in this case—some with very sizable personal-injury claims and some with very sizable property and economic loss claims.[10] If all of these claimants are required to put their damages evidence on in the limitation trial, that trial would require many, many more witnesses. It is no understatement to assume that trying the damages aspects of the claims in this case could require 50-100 additional witnesses—if not more. And it would require a trial that blends the medical complexities of large personal-injury claims with the economic complexities of large property-loss related claims. Practicality strongly counsels that the Court bifurcate and try the core issues of limitation *first*. And the result of that limitation trial will have a substantial practical impact on the case as a whole. It will narrow the range of potential outcomes for the litigants and some claimants may be able to settle at that point. Others, like the Claimants, may opt to pursue their claims in state court instead of in this forum. The bottom line is that resolving limitation first has the potential to make this case far simpler for everyone involved. Far from being a "colossal waste of judicial resources,"[11] the opposite is in fact true.

The Court should grant the Claimants' motion to bifurcate.

---

[9]     Rec. Doc. 105, Associated Marine Equipment parties' opposition, p. 3.

[10]     *E.g.*, Rec. Doc. 73, pp. 1-2 (listing 24 claimants); Rec Doc. 61, pp. 1-2 (listing 21 claimants); *see also*, Rec. Doc. 108, APT parties' opposition, pp. 5-6 (outlining the significant personal-injury and property/economic claims at issue).

[11]     Rec. Doc. 105, Associated Marine Equipment parties' opposition, p. 3.

## II.

The Claimants also moved to clarify and/or modify the restraining orders in this case.[12] The motion asked the Court to clarify that the restraining orders in Case Nos. 19-10925 and 19-12748 do not prohibit litigation against crew or captains involved in the incident. And the motion asked the Court to modify the restraining order in Case No. 19-11813 to reach the same result. The basis for the Claimants' motion was binding Fifth Circuit precedent. The Fifth Circuit squarely ruled in *Zapata Hayne Corp. v. Arthur*, that a restraining order under the Limitation of Liability Act may not enjoin the claims against the crew or master of a vessel.[13] Those "benefits of the Act . . . are by their plain terms, conferred on ship *owners* only."[14] And the Fifth Circuit has *re-affirmed* that rule. As it explained in *In re Ingram Barge Co*: The issue is "squarely foreclosed by *Zapata*[.]"[15] These precedents are unambiguous. They do not allow a restraining order to extend to the captains or crew of the vessels involved. Indeed, Judge Dick of the Middle District of Louisiana found that this result was "plainly" dictated by *Zapata* as recently as 2018.[16] The Limitation of Liability Act, even as codified now, simply "does not authorize" injunctions to protect captains or crew.[17]

The limitation petitioners struggle—mightily—to oppose the motion. Consequently, their responses are meandering. One group of petitioners relies upon law from *before* the Fifth Circuit

---

[12]    Rec. Doc. 90, motion to clarify and/or modify restraining orders.

[13]    926 F. 2d 484, 485 (5th Cir. 1991)

[14]    *Id*. (emphasis original).

[15]    1998 WL 915421 at * 1 (5th Cir. 1998) (unpub.).

[16]    *Matter of Am. Boat Company, LLC*, 2018 WL 1635654 at *2 (M.D.L.A. 2018) ("In *Zapata* [], the Fifth Circuit plainly stated that the 'benefits of the Act [] are, by their plain terms, conferred on ship *owners* only." The Fifth Circuit focused on the language of what is now 46 U.S.C. § 30512, which states that the Limitation Act "does not affect the liability of an individual as a master, officer, or seaman." Thus, the Limitation Act does not authorize the Court to expand the scope of the injunction to include Brent St. Amant and Patrick Kendrick, the captain and mate of the M/V DANNY ETHERIDGE.").

[17]    *Id*.

decided *Zapata* and, also, law from the U.S. Ninth Circuit.[18] That group also demands that the Claimants post stipulations in their favor.[19] Another group demands that the Claimants tell them who they wish to sue first but, in any event, they oppose the Claimants' wish to do so.[20] Another group raises theoretical questions of the effect of *res judicata*.[21]

None of these arguments is a legal basis for the Court to look past binding Fifth Circuit precedent. In our system, where appellate courts impose circuit-wide precedent, federal district courts must—and do—follow the circuit court's precedent.[22] As Judge Dick has noted, the Fifth Circuit's opinions "plainly" require the result sought here. The Court should grant the Claimants' motion to clarify and/or modify the restraining orders.

### III.

Finally, the Claimants moved the Court to shorten the monition period in Case No. 19-12748 or, alternatively, open the doors for discovery to begin in all cases.[23] As the motion noted, the 8-month monition period in that case was set far out into the future—and it will not run until May 16, 2020. Especially given that these limitation actions all arise from the same incident, all claimants have likely forward at this point. The Claimants asked the Court to shorten the period until February 28, 2020 or, alternatively, open the doors for discovery to begin.

---

[18]     Rec. Doc. 109, APT parties' opposition, pp. 4-10.

[19]     *Id*. at p. 10-11.

[20]     Rec. Doc. 106, Associated Marine Equipment parties' opposition, pp. 1-3.

[21]     Rec. Doc. 100, E.N. Bisso & Son, Inc. parties' opposition, p. 2.

[22]     *E.g.*, *Kaye v. Hughes & Luce, LLP*, 2007 WL 2059724 at *8 (N.D. Tex. 2007) ("Of course, this district court must follow precedent of the Fifth Circuit.") (quoting *Hill v. Hom/Ade Foods, Inc.*, 136 F. Supp. 2d 605, 609 (W.D. La. 2000)).

[23]     Rec. Doc. 91, motion to shorten the monition period and/or open discovery.

Only two responsive filings were made. One by a group of petitioners that, essentially does not oppose the request.[24] The other group—the petitioners in the case in Case No. 19-12748—does.[25] That group argues first that they have already published notice of the monition period and that it may have already been relied on by claimants. They also argue that, although they do not oppose the Court permitting written discovery and subpoenas, they do oppose depositions.

The Court should grant the motion's primary request and shorten the monition period to get the case as a whole moving along. The petitioners in Case No. 19-12748 may publish an updated notice of a new, shortened monition period. And there is little risk to potential claimants because, under Supplemental Admiralty Rule F(4), this Court has the equitable power to allow parties to file claims after the monition period runs.[26] This Court could easily exercise that power for anyone who files in reliance on the longer monition period.

Nevertheless, in the event the Court does not think a shorter monition period should be entered, it should simply allow full discovery to commence. Even the petitioners in Case No. 19-12748 agree that written discovery and subpoenas makes sense. But depositions do, too. Especially given the number of parties already in this case, it remains difficult to imagine that there are "other" claimants who have not yet appeared. And the number of lawyers in this case already assures that all relevant questions will be asked. The Court should simply open the doors to discovery.

**IV.**

The Court should grant all three of the Claimants' motions.

---

[24]     Rec. Doc. 101, E.N. Bisso & Son, Inc. parties' response to motion.

[25]     Rec. Doc. 107, Associated Martine Equipment parties' opposition to motion.

[26]     *E.g.*, *Matter of Tara Crosby, LLC*, 2018 WL 1087951 (E.D. La. 2018) (Roby, MJ) (permitting claim to be filed after monition period).

Respectfully submitted,

/s/      Kyle Findley
KURT ARNOLD
(to be admitted *Pro Hac Vice*)
karnold@arnolditkin.com
J. Kyle Findley (#34922)
kfindley@arnolditkin.com
Kala F. Sellers (#36182)
ksellers@arnolditkin.com
Adam D. Lewis (#37492)
alewis@arnolditkin.com
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
Telephone: 713-222-3800
Facsimile: 713-222-3850
kbateam@arnolditkin.com

and

A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
**CLAYTON, FRUGÉ, & WARD**
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR PLAINTIFFS CLEMENT BELL, RYHEME KNIGHTEN, AND ROBERT SAYLES**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 29th day of January, 2020, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/      Kyle Findley