UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY, *et al.* | * | CIVIL ACTION |
| | * | NO. 2:19-cv-10525 c/w 19-10925;19-11813; 19-12748 |
| | * | |
| VERSUS | * | JUDGE VANCE |
| M/T AMERICAN LIBERTY, her engines, Boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | * | MAG. ROBY |
| * * * * * * * * * | | **PERTAINS TO 19-12748** |

**CONTINENT MARITIME, S.A. PANAMA'S
ANSWER AND CLAIM**

**NOW INTO COURT**, through undersigned counsel, comes Continent Maritime, S.A., Panama ("Continent Maritime"), and for its Answer to the Verified Complaint for Exoneration from or Limitation of Liability of Associated Terminals, LLC ("Associated Terminals"), *in personam*, and Associated Marine Equipment, LLC ("Associated Marine"), *in personam*, as well as Continent Maritime's claim in this Limitation Action, represents as follows:

**ANSWER**

**FIRST DEFENSE**

Associated Terminals and Associated Marine's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The security posted by Associated Terminals and Associated Marine is legally insufficient, and limitation should be denied because the fund is inadequate, or, alternatively, Associated

1

Terminals and Associated Marine should be ordered to increase the limitation fund to comply with the requirements of Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules").

## THIRD DEFENSE

For answer to the allegations of Associated Terminals and Associated Marine's Complaint in Limitation, Continent Maritime:

Denies Article I for lack of sufficient information to justify a belief in the truth therein;

Denies Article II;

Denies Article III for lack of sufficient information to justify a belief in the truth therein;

States that Article IV does not contain allegations of fact for which an answer is required; however, if an answer is required, Continent Maritime does not contest the jurisdiction of, or venue in, this Honorable Court;

Denies Articles V, VI and VII for lack of sufficient information to justify a belief in the truth therein;

Admits Article VIII;

Denies Article IX;

Denies Articles X, XI and XII for lack of sufficient information to justify a belief in the truth therein;

Denies Articles XIII and XIV;

Denies Articles XV, XVI, XVII, XVIII and XIX for lack of sufficient information to justify a belief in the truth thereof. Moreover, Continent Maritime maintains that the limitation fund is inadequate;

Denies Article XX;

Denies the prayer for relief.

**FOURTH DEFENSE**

Continent Maritime reserves the right to seek indemnity and/or contribution from Associated Terminals and Associated Marine for all personal injuries, wrongful death and other damages allegedly occurring as a result of the incident which forms the basis of this case, to the extent such claims have been or may be brought against Continent Maritime and/or the M/V EVER GRACE, *in rem,* after the deadline for filing claims has elapsed in this proceeding.

**FIFTH DEFENSE**

Continent Maritime maintains that Associated Terminals and Associated Marine did not exercise due diligence and did not take the proper steps to make the crane barge DON D seaworthy in all respects and failed to comply with applicable safety rules.

**SIXTH DEFENSE**

Continent Maritime maintains that all damages to the M/V EVER GRACE arising from the 16 May 2019 casualty, were the result of negligent acts and/or omissions of Associated Terminals and/or Associated Marine that were within the privity and knowledge of Associated Terminals and/or Associated Marine.

**SEVENTH DEFENSE**

Continent Maritime maintains that Associated Terminals and/or Associated Marine had privity and knowledge of all acts of negligence of the crane barge DON D's master, officers and crew, their employees and their agents as well as all unseaworthy conditions of the crane barge DON D that resulted in the damage to the M/V EVER GRACE on 16 May 2019, and all damages

arising from this casualty and, therefore, neither Associated Terminals nor Associated Marine can avail themselves of limitation of liability in this matter.

## **CLAIM OF CONTINENT MARITIME**

**AND NOW**, Continent Maritime, as the owner of the M/V EVER GRACE, asserts this Claim against Associated Terminals and Associated Marine, *in personam*, and respectfully avers:

I.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Venue is proper in this judicial district because the events giving rise to this claim occurred in this district.

III.

Continent Maritime is a foreign corporation and was and is the owner of the M/V EVER GRACE, a 229-meter-long, 32-meter breadth bulk carrier, flying the flag of the Bahamas, which at all pertinent times was properly and staunchly moored at Archer Daniels Midland Company's ("ADM") grain elevator facility in Reserve, Louisiana (approximately Mile 139 AHP).

IV.

At or around 2030 hours on 16 May 2019, the M/T AMERICAN LIBERTY left its berth at Marathon Petroleum's Garyville Refinery, approximately Mile 140 AHP in the Lower Mississippi River, heading downriver, with the assist of the tug JOSEPHINE ANNE.

V.

Upon information and belief, shortly after leaving Marathon Petroleum, or as it was leaving the berth, the M/T AMERICAN LIBERTY lost control and/or lost engine power, and veered off course, causing the vessel to allide with numerous facilities and vessels along the river.

VI.

Without warning to the M/V EVER GRACE and due to no fault of the M/V EVER GRACE, at approximately 2045 hours on 16 May 2019, as the M/T AMERICAN LIBERTY was drifting downriver out of control, it allided with, *inter alia*, the M/V EVER GRACE and the ADM facility, as the M/V EVER GRACE was loading cargo at the ADM facility, causing significant damages to both the M/V EVER GRACE and ADM facility.

VII.

In addition to the M/T AMERICAN LIBERTY's allision, Associated Terminals, Inc. ('Associated Terminals") and Associated Marine, Inc.'s ("Associated Marine") crane barge, the DON D, also broke free from its moorings and, upon information and belief, may have allided with the M/V EVER GRACE.

VIII.

As a result of the allision(s), the M/V EVER GRACE sustained substantial hull damage and other physical damages that required the vessel to undergo permanent repairs.  Further, as a result of the allision(s) with the M/V EVER GRACE, Continent Maritime and the M/V EVER GRACE, *in rem*, sustained significant damages, including, but not limited to, loss of charter hire, loss of use, consequential damages, bunker expenses incurred during periods of delay and repair, survey costs, assist tugs and pilot expenses, salvage expenses, as well as other related expenses

and damages that will be proven at trial. For purposes of the present verified claim and demand, Continent Maritime currently estimates its total damages at $1,387,899.84.

IX.

Associated Terminals, *in personam*, and Associated Marine, *in personam*, as owners and operators of the crane barge DON D, are liable to Continent Maritime for the damages sustained to the M/V EVER GRACE, as well as other damages identified above which were all caused in part by the fault, neglect, and/or lack of due care on the part of Associated Terminals, *in personam*, and Associated Marine, *in personam*, as well as the unseaworthiness of the DON D, all of which was in the privity and knowledge of Associated Terminals, *in personam*, and Associated Marine, *in personam*, including but not limited to:

1) Operating the DON D in a negligent and/or unseaworthy manner;

2) Operating the DON D without a properly trained and competent crew;

3) Failure to use a sufficient number of and/or appropriate types of mooring lines, having adequate strength and in proper condition, to securely moor the DON D in its berth;

4) Failure of the captain and crew of the DON D to properly control the DON D;

5) Failure of the captain and crew to exercise reasonable care in the operation of the DON D;

6) Failure to ensure that the DON D was in all respects fit and seaworthy for its intended purpose and use; and

7) Other acts of negligence and/or unseaworthiness to be established at trial of this matter.

X.

As a result of the limitation claimants' negligence and unseaworthiness, Continent Maritime is entitled to a judgment against the limitation claimants for the full amount of Continent Maritime's damages, including, but not limited to, the cost to repair the M/V EVER GRACE, lost income, as well as all consequential damages, delay, disruption, survey costs, salvage expenses and all other related expenses, costs and pre-judgment interest and other damages that will be proven at trial.

XI.

Based on the foregoing, Continent Maritime is entitled to a judgment holding the limitation claimants, Associated Terminals, *in personam*, and Associated Marine, *in personam*, jointly and severally liable for all damages sustained by Continent Maritime as described herein, plus all expenses, attorneys' fees and pre and post-judgment interest on all sums awarded.

**WHEREFORE,** considering the foregoing, Continent Maritime, S.A., Panama, prays:

1. Its Answer be deemed good and sufficient;

2. Its Claim be allowed and recognized by this Court;

3. That after due proceedings, this Honorable Court deny exoneration from and limitation of liability to Associated Terminals and Associated Marine, and enter judgment in favor of Continent Maritime, and against Associated Terminals, *in personam*, and Associated Marine, *in personam*, *in solido*, to pay Continent Maritime the full measure of its damages in this case, including pre and post judgment interest and all court costs, and dismissing the Limitation Complaint seeking exoneration from or limitation of liability, without Associated Terminals and/or Associated Marine having the benefits of the Limitation of Liability Act; and

4. For all such other relief that justice and the nature of the case will allow.

        Respectfully submitted,

        MURPHY, ROGERS, SLOSS,
         GAMBEL & TOMPKINS


        */s/ Peter B. Sloss*
_____
        Peter B. Sloss ( 17142)
        psloss@mrsnola.com
        Timothy D. DePaula (31699)
        tdepaula@mrsnola.com
        701 Poydras Street, Suite 400
        New Orleans, LA   70139
        Telephone:  (504) 523-0400
        Facsimile  :  (504) 523-5574
        *Attorneys for Continent Maritime, S.A., Panama*

875/5726

4823-0315-0775, v. 1