UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE OWNERS OF THE M/T AMERICAN LIBERTY FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 19-10525, C/W 19-10925, 19-11813, and 19-12748<br><br>DISTRICT JUDGE SARAH S. VANCE<br><br>MAG. JUDGE KAREN WELLS ROBY |

ANSWER OF BRANDON WOODFORD TO THIRD-PARTY COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Third-Party defendant Brandon Woodford ("Woodford"), and in answer to the Third-Party Complaint filed by American Petroleum Tankers X, LLC ("APT"), as owner of the M/T AMERICAN LIBERTY (the "Vessel"), and Crowley Global Ship Management, Inc. ("CGSM"), as owner *pro hac vice* of the Vessel (collectively the "Vessel Interests"), avers as follows:

FIRST DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

SECOND DEFENSE

Answering separately the numbered paragraphs of the Third-Party Complaint, Woodford avers as follows:

1.

The allegations of paragraph 1 of the Third-Party Complaint state legal conclusion to which no response is necessary. To the extent an answer is required, the allegations are denied except to

admit that this is a consolidated proceeding in which certain parties have designated certain claims to fall within the admiralty and maritime jurisdiction of this Court.

2.

The allegations of paragraph 2 of the Third-Party Complaint state legal conclusions to which no response is necessary. To the extent an answer is required, the allegations are admitted.

3.

The allegations of paragraph 3 of the Third-Party Complaint are denied for lack of sufficient information to justify a reasonable belief as to the truth of the matters asserted therein.

4.

The allegations of paragraph 4 of the Third-Party Complaint are denied for lack of sufficient information to justify a reasonable belief as to the truth of the matters asserted therein.

5.

The allegations of paragraph 5 of the Third-Party Complaint are denied for lack of sufficient information to justify a reasonable belief as to the truth of the matters asserted therein.

6.

The allegations of paragraph 6 of the Third-Party Complaint are denied except to admit that Woodford is resident of the State of Louisiana.

7.

The allegations of paragraph 7 of the Third-Party Complaint are denied except to admit that at certain times Woodford was aboard the Vessel as that term is defined in the Third-Party Complaint.

8.

The allegations of paragraph 8 of the Third-Party Complaint are denied.

9.

The allegations of paragraph 9 of the Third-Party Complaint are denied for lack of sufficient information to justify a reasonable belief as to the truth of the matters asserted therein, except to admit that certain parties have made claims in these consolidated proceedings.

10.

The factual allegations of paragraph 10 of the Third-Party Complaint are denied. Any allegations referencing "Rule 14(c)" are vague and state legal conclusions to which no response is necessary. To the extent an answer is required, Woodford denies that he has any liability or is otherwise responsible for damages, either directly, indirectly, or by way of contribution or indemnity, claimed by any party in these consolidated proceedings.

11.

The allegations of paragraph 11 of the Third-Party Complaint are denied.

12.

The allegations of paragraph 12 of the Third-Party Complaint are denied.

13.

The allegations of paragraph 13 of the Third-Party Complaint are denied.

14.

The allegations of paragraph 14 of the Third-Party Complaint are denied.

## THIRD DEFENSE

The value of the Vessel and/or Limitation Fund as set forth in the Vessel Interests' Limitation of Liability pleadings are deficient in form and quantum.

FOURTH DEFENSE

Vessel Interests had privity and/or knowledge of one or more of the acts of negligence and/or unseaworthy conditions that caused or contributed to the incident in question; and, therefore, Vessel Interests are not entitled to Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq. and/or Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

FIFTH DEFENSE

The incident made the subject of the Third Party Complaint was caused by the negligence and/or comparative negligence of the Vessel Interests, their violation of applicable laws and regulations, the unseaworthiness of the Vessel and, therefore, Vessel Interests are liable for all damages asserted by any party to these consolidated proceedings and are not entitled to limitation or exoneration.

SIXTH DEFENSE

Any and all claims or damages asserted by any parties in these consolidated pleadings were caused by the fault and/or neglect of others, or the unseaworthiness of vessels, for whom or which Woodford is not legally or factually responsible in whole or part.

SEVENTH DEFENSE

Any and all claims or damages asserted by any parties in these consolidated pleadings were caused by the intervening acts and/or superseding causes of others, including the parties in these consolidated pleadings, such that Woodford is relieved of any liability.

EIGHTH DEFENSE

Any and all claims or damages asserted by any parties in these consolidated proceedings were caused by the sole or partial comparative or contributory fault, neglect and want of due care,

on the part of the parties asserting any claims for damages, or the unseaworthiness of vessels for which they are responsible.

## NINTH DEFENSE

Any parties asserting claims in these consolidated pleadings have failed to mitigate their damages.

## TENTH DEFENSE

Any claims for punitive damages are without basis in fact or law and otherwise violate the Constitutions of the United States and Louisiana.

## ELEVENTH DEFENSE

Woodford adopts and incorporates by reference any defenses asserted by the Vessel Interests to any claims asserted by any parties in these consolidated pleadings.

## TWELFTH DEFENSE

Woodford reserves the right to supplement his Answer and assert additional defenses to the Third-Party Complaint and any claims asserted by any other party as the facts and law may warrant.

WHEREFORE, Third-Party defendant, Brandon Woodford, demands that the Third-Party Complaint of American Petroleum Tankers X, LLC, as owner of the M/T AMERICAN LIBERTY, and Crowley Global Ship Management, Inc., be dismissed at their costs, and that after due proceedings are had:

(1) there be judgment entered herein in favor of Brandon Woodford and against Third-Party plaintiffs, dismissing any claims at their costs, with prejudice;

(2) there be judgment entered herein in favor of Brandon Woodford and against all parties who have asserted, or who may assert, claims in these consolidated proceedings at their costs, with prejudice; and,

Respectfully submitted this 22nd day of June, 2020.

MILLER HAHN, PLLC

By:/s/ Kent B. Ryan
Kent B. Ryan, T.A. (#18418)
Stephanie D. Skinner (#21100)
Allan C. Crane (#23700)
365 Canal Street, Suite 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Facsimile: (866) 578-2230

Attorneys for Third-Party defendant, Brandon Woodford

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, having enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Kent B. Ryan
Kent B. Ryan