## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND, CO., ET AL.** | * * * * | **C.A. NO. 19-10525 C/W 19-10925** <br> **19-11813 and 19-12748** |
| **VERSUS** | * * | **JUDGE SARAH S. VANCE** |
| **M/T AMERICAN LIBERTY,** her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | * * * * | **MAG. JUDGE KAREN WELLS ROBY** <br> **PERTAINS TO C.A. NO. 19-10925** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND CLAIM OF MARATHON PETROLEUM COMPANY LP

**NOW INTO COURT**, through undersigned counsel, comes Marathon Petroleum Company LP ("Marathon"), who files this Answer and Claim in Limitation in connection with the Verified Complaint ("Complaint") [R. Doc. 1 in C.A. No. 19-10925] filed by American Petroleum Tankers X, LLC ("APT") and Crowley Global Ship Management, Inc., and avers as follows:

## FIRST DEFENSE

APT's Complaint fails to state any claim, cause of action, or right of action upon which relief can be granted.

## ANSWER

**NOW**, for answer to the specific allegations of the Complaint, Marathon alleges and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, Marathon does not contest that this Honorable Court has jurisdiction over this matter.

2.

The allegations contained in Paragraph 2 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, Marathon admits that venue is proper in this District.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient knowledge to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied are denied for lack of sufficient knowledge to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Complaint do not require an answer; however, to the extent answer is required, Marathon admits that the Complaint was filed within six (6) months of the underlying incident made basis of APT's Complaint.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint are denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are denied with respect to APT's alleged right "to complete exoneration from liability arising out of the Incident"; the remaining allegations contained in Paragraph 20 of the Complaint, those are denied for lack of sufficient knowledge to justify a belief therein.

21.

The allegations contained in Paragraph 21 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, the allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Complaint do not require an answer; however, to the extent answer is required, Marathon denies the allegations contained in Paragraph 22 of the Complaint for lack of sufficient knowledge to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint do not require an answer; however, to the extent answer is required, Marathon denies the allegations contained in Paragraph 23 of the Complaint for lack of sufficient knowledge to justify a belief therein.

24.

The allegations contained in Paragraph 24 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, Marathon does not contest that all claims and issues concerning the Incident should be consolidated into a single proceeding before this Court.

\* \* \* \* \*

Marathon denies any unnumbered allegations and APT's Prayer for Relief.

## **SECOND DEFENSE**

The incident described in the Complaint was caused solely by the negligence, fault and actions of the M/T AMERICAN LIBERTY and APT, their crewmembers, principals, agents, servants and/or employees, which negligence, fault and actions are the direct and proximate cause of the incident in question.

## **THIRD DEFENSE**

The AMERICAN LIBERTY and APT were legally responsible for the safe and prudent navigation and exercise of reasonable care and skill to properly and safely navigate and transport on the Mississippi River.

**FOURTH DEFENSE**

The Captain, Pilot and crewmembers of the AMERICAN LIBERTY, along with APT, were legally responsible under General Maritime Law for knowing all conditions essential to the safe accomplishment of the undertaking or voyage.

**FIFTH DEFENSE**

The Captain, Pilot and crewmembers of the AMERICAN LIBERTY, along with APT, failed to obtain the necessary information and knowledge from personal cognizance, or avail themselves of the means of information and knowledge, of conditions likely to produce or contribute to a loss, and failed to adopt appropriate means to prevent said incident.

**SIXTH DEFENSE**

The direct and proximate cause of the incident in question resulted from the negligence, unseaworthiness, fault and/or failure to exercise reasonable care of the AMERICAN LIBERTY, its Captain, Pilot and crewmembers, and APT, including but not limited to the following:

(1) Failing to properly and safely navigate and control the AMERICAN LIBERTY;

(2) Failing to act as prudent and proper navigators;

(3) Failing to exercise reasonable care and maritime skill in the performance of their work;

(4) Failing to properly take into account the conditions of the Mississippi River;

(5) Failing to follow APT's policies and procedures;

(6) Failing to perform and/or follow the necessary job risk assessment; and

(7) Other acts and/or omissions of negligence, unseaworthiness and fault as may be revealed in discovery and proven at trial.

## SEVENTH DEFENSE

The AMERICAN LIBERTY, its Captain, Pilot and crewmembers, and APT are guilty of statutory fault or violations of navigational safety standards established by statute or regulation and, accordingly, have the burden of proving that such fault or violations could not have caused, or contributed to, the allision. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

## EIGHTH DEFENSE

Marathon reserves the right to plead any and all additional applicable affirmative defenses, claims, cross-claims, and counter-claims against any and all parties including, but not limited to, the right to plead and/or seek indemnity and contribution against all persons and entities that may be legally responsible for the incident described herein as provided by law.

## CLAIM OF MARATHON

**NOW,** assuming the role of Claimant, Marathon asserts the following Claim in Limitation against APT, in accordance with the provisions of Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, as follows:

1.

Marathon is a limited partnership organized under the laws of the State of Delaware and is licensed to do and doing business in the State of Louisiana.

2.

This Honorable Court has jurisdiction under 28 U.S.C. §1333.

3.

At all pertinent times, Marathon was the time charterer of the AMERICAN LIBERTY pursuant to charter party agreement ("Charter Party") dated January 6, 2017 and entered into between Marathon and APT.

4.

On May 16, 2019, the AMERICAN LIBERTY finished loading cargo at Marathon's Garyville facility on the Mississippi River. The AMERICAN LIBERTY departed Marathon's facility and headed downriver until it was subsequently involved in a multi-vessel collision that allegedly caused extensive property damage and personal injury.

5.

On July 20, 2020, Marathon was served with an Amended Petition filed by certain State Court Plaintiffs/Personal-Injury Claimants in Louisiana state court, Civil District Court, Parish of Orleans, bearing C.A. No. 19-05915, and entitled "*Clement Bell, et al. v. American Petroleum Tankers, LLC, et al.*"

6.

Upon receipt of the Amended Petition, Marathon filed a Peremptory Exception of No Cause of Action ("Exception") in Louisiana state court, on the basis that the State Court Plaintiffs/Personal-Injury Claimants made no specific allegations of fault against Marathon or Marathon's involvement in the alleged accident.

7.

The only allegation in the Amended Petition that was specifically directed at Marathon was that it was a "non-Louisiana company who may be served through its registered agent CT Corporate System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816."

8.

The Louisiana state court set a hearing on Marathon's Exception for January 29, 2021. .

9.

On January 5, 2021, the State Court Plaintiffs/Personal-Injury Claimants filed an

Opposition to Marathon's Exception.

10.

This Opposition was the first time that any specific allegation of fault or negligence was asserted against Marathon in any court, state or federal, with respect to the underlying May 16, 2019 incident. In that Opposition, the State Court Plaintiffs/Personal-Injury Claimants argued that "Marathon, as the owner of a dock, ordered a large vessel to perform an inherently risky maneuver and depart its dock (1) at night, when vision is obscured, and (2) in dangerously high waters."

11.

As a result, Marathon has sustained damages, losses and expenses in defending against the allegations of State Court Plaintiffs/Personal-Injury Claimants, and, as outlined below, Marathon is entitled to contractual defense and indemnity from APT and to assert a claim of contribution under General Maritime Law.

12.

Marathon was in no way negligent, liable or at fault for underlying May 16, 2019 incident.

**CAUSE OF ACTION NO. 1: CONTRACTUAL DEFENSE AND INDEMNITY**

13.

Marathon re-alleges and re-asserts the allegations contained in Paragraphs 1 - 12.

14.

Pursuant to the Charter Party entered into by and between Marathon and APT, Marathon is entitled to contractual defense and indemnity from APT in connection with any and all claims asserted against Marathon, including those asserted by the State Court Plaintiffs/Personal-Injury

Claimants.

15.

The Charter Party identifies APT as "Owners" and Marathon as "Charterers." The AMERICAN LIBERTY is identified as "Vessel."

16.

Clause 2(c) of the Charter Party provides as follows:

> Notwithstanding any other provision of this Charter, the entire operation, navigation and management of the Vessel shall be and remain in the exclusive control and command of Owners [APT].

17.

Clause 56 of the Charter Party provides in pertinent part as follows:

> a. i. <u>Vessel will have in place, and will continue throughout the Term, hull insurance and protection and indemnity (P&I) insurance coverage, for its full value and tonnage, no less in scope and amounts than available under the rules of P&I clubs entered into the international group of P&I clubs, including pollution risks to the maximum amount available in such club (currently US$ 1 billion), full crew coverage and collision coverage.</u> All premiums and deductibles shall be for Owners' [APT's] account. <u>Said policies shall name Charterers [Marathon] as a joint insured.</u>
>
> …
>
> c. <u>Owners [APT] shall indemnify, defend, and hold harmless Charterers [Marathon], against any loss, damage, claim, suit, liability, penalty, fine, judgment, cost or expense (including reasonable attorney fees and other costs of litigation) resulting from, associated with or arising out of (i) bodily injury, including death, of any person, (ii) property damage (excluding damage or loss to the product) including damage to natural resources, or (iii) discharges, spills, or leaks of product or other materials or products, including but not limited to the cost of assessment and remediation, arising out of or in connection with this Charter or the operation of the Vessel</u>, except to the extent any such loss, damage, claim, suit, liability, penalty, fine, judgment, cost or expense resulted from the negligence or willful misconduct of Charterers [Marathon]. This shall in no way limit Owners [APT] rights under Clause 35 General Average.
>
> (Emphasis added.)

18.

As such, Marathon is entitled to defense and indemnity from APT against any and all claims "arising out of or in connection with this Charter or the operation of the Vessel," including those claims asserted against Marathon in relation to the underlying May 16, 2019 incident which occurred when the AMERICAN LIBERTY was being operated pursuant to the above-referenced Charter Party.

19.

In addition, Clause 15 of the Charter Party provides in pertinent part as follows:

> … <u>Owners [APT] shall indemnify and defend Charterers [Marathon], their servants and agents against all losses, claims, responsibilities and liabilities arising in any way whatsoever from the employment of pilots, and tugboats, who although employed by Charterers [Marathon] shall be deemed to be the servants of and in the service of Owners [APT] and under their instructions (even if such pilots and tugboat personnel, are in fact the servants of Charterers [Marathon], their agents or any affiliated company).</u> This Clause 15 shall in no way limit Owners' [APT's] rights under Clause 35 General Average.

(Emphasis added.)

20.

Therefore, to the extent that the allegations raised by the State Court Plaintiffs/Personal-Injury Claimants implicate the decisions and/or actions and/or inactions of either the Pilot or the assist tugs that were alongside the AMERICAN LIBERTY, then Marathon is entitled to defense and indemnity from APT against said claims as well.

21.

Marathon is a "joint insured" on the policies of insurance maintained by APT, including those policies that are securing the Limitation fund provided by APT as owner of the AMERICAN LIBERTY, and which insurance is meant to be primary to any insurance otherwise

available to Marathon.

22.

Accordingly, APT owes Marathon contractual defense and insurance coverage in connection with the claims arising out of the underlying May 16, 2019 incident.

23.

In the alternative, in the event that APT has not secured the appropriate insurance for Marathon as a "joint insured," this failure to provide insurance as agreed is a breach of contract and APT is obligated to pay Marathon for the damages arising out of that breach.

24.

Further, Marathon is entitled to recover reasonable attorneys' fees and other costs of litigation associated with defending against claims asserted against Marathon, including but not limited to prosecuting this Claim.

**CAUSE OF ACTION NO. 2: CONTRIBUTION**

25.

Marathon re-alleges and re-asserts the allegations contained in Paragraphs 1 - 12.

26.

Additionally, and in the alternative, if Marathon is held liable to the State Court Plaintiffs/Personal-Injury Claimants or any other parties for any reason, Marathon is entitled to contribution under General Maritime Law from APT.

27.

Accordingly, APT should be held responsible for indemnity, contribution, and/or reimbursement for all amounts, liabilities or judgments that may be assessed to Marathon, if any, in relation to the claims asserted by the State Court Plaintiffs/Personal-Injury Claimants or any other parties.

\*     \*     \*     \*     \*

**WHEREFORE**, Marathon prays that its Answer to Claim in Limitation be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Marathon and against APT, together with legal interest, costs and for all general and equitable relief.

Respectfully submitted,

*/s/ Hansford P. Wogan*

WAYNE G. ZERINGUE, JR. (#18516)
JEFFERSON R. TILLERY (#17831)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8015
wzeringue@joneswalker.com
jtillery@joneswalker.com
fwogan@joneswalker.com
*Attorneys for Marathon Petroleum Company LP*

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing pleading have been served on all counsel of record by electronic filing through the Court's CM/ECF filing system and/or by email, facsimile, or U.S. Mail, postage prepaid, properly addressed on this 26th day of January, 2021.

*/s/ Hansford P. Wogan*

{N4158773.1}                         13