# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND, CO., ET AL.** | * * * * | C.A. NO. 19-10525 C/W 19-10925 <br> 19-11813 and 19-12748 |
| **VERSUS** | * * | **JUDGE SARAH S. VANCE** |
| **M/T AMERICAN LIBERTY,** her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem* | * * * * | **MAG. JUDGE KAREN WELLS ROBY** <br> **PERTAINS TO C.A. NO. 19-11813** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND CLAIM OF
## MARATHON PETROLEUM COMPANY LP

**NOW INTO COURT**, through undersigned counsel, comes Marathon Petroleum Company LP ("Marathon"), who files this Answer and Claim in Limitation in connection with the Verified Complaint ("Complaint") [R. Doc. 1 in C.A. No. 19-11813] filed by E.N. Bisso & Son, Inc. and Bisso Offshore, LLC (collectively, "Bisso"), and avers as follows:

## FIRST DEFENSE

Bisso's Complaint fails to state any claim, cause of action, or right of action upon which relief can be granted.

## ANSWER

**NOW**, for answer to the specific allegations of the Complaint, Marathon alleges and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, Marathon admits that jurisdiction exists.

{N4159069.1}

2.

The allegations contained in Paragraph 2 of the Complaint are conclusions of law for which no answer is required; however, to the extent answer is required, Marathon admits that venue is proper in this District.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient knowledge to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Complaint are denied.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint do not require an answer; however, to the extent answer is required, Marathon admits that the Complaint was filed within six (6) months of the underlying incident made basis of APT's Complaint.

18.

The allegations contained in Paragraph 18 of the Complaint do not require an answer; however, to the extent answer is required, Marathon denies the allegations contained in Paragraph 18 of the Complaint for lack of sufficient knowledge to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint do not require an answer; however, to the extent answer is required, Marathon denies the allegations contained in Paragraph 21 of the Complaint for lack of sufficient knowledge to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Complaint do not require an answer; however, to the extent answer is required, Marathon denies the allegations contained in Paragraph 22 of the Complaint for lack of sufficient knowledge to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient knowledge to justify a belief therein except to admit that Bisso's claim is an "admiralty and maritime claim" that falls within this Court's jurisdiction.

\*     \*     \*     \*     \*

Marathon denies any unnumbered allegations and Bisso's Prayer for Relief.

## SECOND DEFENSE

The incident described in the Complaint was caused solely by the negligence, fault and actions of the M/V JOSEPHINE ANNE and Bisso, their crewmembers, principals, agents, servants and/or employees, which negligence, fault and actions are the direct and proximate cause of the incident in question.

## THIRD DEFENSE

The JOSEPHINE ANNE and Bisso were legally responsible for the safe and prudent navigation and exercise of reasonable care and skill to properly and safely navigate and transport on the Mississippi River.

## FOURTH DEFENSE

The Captain, crewmembers of the JOSEPHINE ANNE, along with Bisso, were legally responsible under General Maritime Law for knowing all conditions essential to the safe accomplishment of the undertaking or voyage.

## FIFTH DEFENSE

The Captain and crewmembers of the JOSEPHINE ANNE, along with Bisso, failed to obtain the necessary information and knowledge from personal cognizance, or avail themselves of

the means of information and knowledge, of conditions likely to produce or contribute to a loss, and failed to adopt appropriate means to prevent said incident.

### SIXTH DEFENSE

The direct and proximate cause of the incident in question resulted from the negligence, unseaworthiness, fault and/or failure to exercise reasonable care of the JOSEPHINE ANNE and Bisso, including but not limited to the following:

(1) Failing to properly and safely navigate and control the JOSEPHINE ANNE;

(2) Failing to act as prudent and proper navigators;

(3) Failing to exercise reasonable care and maritime skill in the performance of their work;

(4) Failing to properly take into account the conditions of the Mississippi River;

(5) Failing to follow Bisso's policies and procedures;

(6) Failing to perform and/or follow the necessary job risk assessment; and

(7) Other acts and/or omissions of negligence, unseaworthiness and fault as may be revealed in discovery and proven at trial.

### SEVENTH DEFENSE

Marathon reserves the right to plead any and all additional applicable affirmative defenses, claims, cross-claims, and counter-claims against any and all parties including, but not limited to, the right to plead and/or seek indemnity and contribution against all persons and entities that may be legally responsible for the incident described herein as provided by law.

## CLAIM OF MARATHON

**NOW,** assuming the role of Claimant, Marathon asserts the following Claim in Limitation against Bisso, in accordance with the provisions of Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, as follows:

1.

Marathon is a limited partnership organized under the laws of the State of Delaware and is licensed to do and doing business in the State of Louisiana.

2.

This Honorable Court has jurisdiction under 28 U.S.C. §1333.

3.

On May 16, 2019, the M/T AMERICAN LIBERTY finished loading cargo at Marathon's Garyville facility on the Mississippi River.  The AMERICAN LIBERTY departed Marathon's facility and headed downriver until it was subsequently involved in a multi-vessel collision that allegedly caused extensive property damage and personal injury.

4.

On July 20, 2020, Marathon was served with an Amended Petition filed by certain State Court Plaintiffs/Personal-Injury Claimants in Louisiana state court, Civil District Court, Parish of Orleans, bearing C.A. No. 19-05915, and entitled "*Clement Bell, et al. v. American Petroleum Tankers, LLC, et al.*"

5.

Upon receipt of the Amended Petition, Marathon filed a Peremptory Exception of No Cause of Action ("Exception") in Louisiana state court, on the basis that the State Court

Plaintiffs/Personal-Injury Claimants made no specific allegations of fault against Marathon or Marathon's involvement in the alleged accident.

6.

The only allegation in the Amended Petition that was specifically directed at Marathon was that it was a "non-Louisiana company who may be served through its registered agent CT Corporate System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816."

7.

The Louisiana state court set a hearing on Marathon's Exception for January 29, 2021. .

8.

On January 5, 2021, the State Court Plaintiffs/Personal-Injury Claimants filed an Opposition to Marathon's Exception.

9.

This Opposition was the first time that any specific allegation of fault or negligence was asserted against Marathon in any court, state or federal, with respect to the underlying May 16, 2019 incident.  In that Opposition, the State Court Plaintiffs/Personal-Injury Claimants argued that "Marathon, as the owner of a dock, ordered a large vessel to perform an inherently risky maneuver and depart its dock (1) at night, when vision is obscured, and (2) in dangerously high waters."

10.

As a result, Marathon has sustained damages, losses and expenses in defending against the allegations of State Court Plaintiffs/Personal-Injury Claimants, and, as outlined below, Marathon is entitled to assert a claim of contribution under General Maritime Law against Bisso.

11.

Marathon was in no way negligent, liable or at fault for underlying May 16, 2019 incident.

### CAUSE OF ACTION NO. 1: CONTRIBUTION

12.

Marathon re-alleges and re-asserts the allegations contained in Paragraphs 1 - 11.

13.

If Marathon is held liable to the State Court Plaintiffs/Personal-Injury Claimants or any other parties for any reason, Marathon is entitled to contribution under General Maritime Law from Bisso.

14.

Accordingly, Bisso should be held responsible for indemnity, contribution, and/or reimbursement for all amounts, liabilities or judgments that may be assessed to Marathon, if any, in relation to the claims asserted by the State Court Plaintiffs/Personal-Injury Claimants or any other parties.

\* \* \* \* \*

**WHEREFORE**, Marathon prays that its Answer to Claim in Limitation be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of Marathon and against Bisso, together with legal interest, costs and for all general and equitable relief.

Respectfully submitted,

*/s/ Hansford P. Wogan*

WAYNE G. ZERINGUE, JR. (#18516)
JEFFERSON R. TILLERY (#17831)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8015
wzeringue@joneswalker.com
jtillery@joneswalker.com
fwogan@joneswalker.com
*Attorneys for Marathon Petroleum Company LP*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing pleading have been served on all counsel of record by electronic filing through the Court's CM/ECF filing system and/or by email, facsimile, or U.S. Mail, postage prepaid, properly addressed on this 26th day of January, 2021.

*/s/ Hansford P. Wogan*