UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCHER DANIELS MIDLAND, CO., ET AL** | CIVIL ACTION |
| VERSUS | NO. 19-10525 C/W<br>19-10925, 19-11813,<br>19-12748 |
| **M/T AMERICAN LIBERTY** | SECTION "L" (1) |

### ORDER AND REASONS

Before the Court is a motion for summary judgment by Marathon Petroleum Company LP ("Marathon") on liability. R. Doc. 393. Claimants Bell, Sayles, and Knighten and Archer Daniels Midland Co. ("ADM") and its related entities and insurers oppose the motion. R. Docs. 439; 460; 467; 472. Marathon replied. R. Doc. 470. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

    **I.    BACKGROUND**

The Court assumes familiarity with the factual and procedural background of this multi-vessel incident that occurred on the Lower Mississippi River on May 16, 2019. *See generally*, R. Doc. 162. Relevant to the present motion, Marathon was the time charterer of the M/T AMERICAN LIBERTY pursuant to a charter party agreement ("Charter Party") dated January 6, 2017 and entered into between Marathon and American Petroleum Tankers X, LLC ("APT").

    **II.    LAW & ANALYSIS**

        **a.  Standard**

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-movant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.' " *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255.

    b.  Discussion

"A time charter is not generally liable for claims of negligence of the crew or for the unseaworthiness of the vessel; however, a time charterer may be liable for its own negligence in its capacity as time charterer." *Westmoreland v. Venice Marine & Outdoor Consultants, Inc*., No. CV 17-6220, 2018 WL 2045434, at *3 (E.D. La. May 2, 2018) (citing *Forrester v. Ocean Marine Indem. Co*., 11 F.3d 1213, 1215 (5th Cir. 1993)). The Fifth Circuit has recognized that a time charterer "hybrid duty," arising from contract and tort, "to avoid negligent actions within the sphere of activity over which it exercises at least partial control." *Hodgen v. Forest Oil Corp*., 87 F.3d 1512, 1520. (5th Cir. 1996). "The traditional spheres of activity in which a time charterer exercises control and thus owes a duty include "choosing the vessel's cargo, route, and general

2

mission, as well as the specific time in which the vessel will perform its assignment." *Id*. Notably, "the parties may vary the traditional assignment of control by contract or custom." *Id.*

Here**,** Marathon time chartered the AMERICAN LIBERTY from APTX. *See* R. Doc. 392. Marathon owned the Garyville dock from which the AMERICAN LIBERTY departed minutes before the allisions and the destination dock in Tampa, Florida.

Marathon argues that summary judgment should be granted in its favor due to its lack of involvement and lack of negligence with respect to the incident giving rise to this consolidated Limitation action. R. Doc. 393-1 at 1. The Court finds, however, that there is a genuine factual dispute as to the sphere of activity which Marathon controlled, including what role Marathon may have played in the scheduling of the AMERICAN LIBERTY's departure from the dock at nighttime in high river stages. The parties also dispute whether Marathon, or the AMERICAN LIBERTY Interests, chose to employ federal pilots instead of New Orleans Baton Rouge Pilots Association. Similarly, the parties dispute whether Marathon could fire or audit the performance of the crew, and whether Marathon collected financial penalties from APTX for increased fuel consumption and/or late arrivals/departures to/from Marathon docks. Genuine issues of fact, such as these, permeate Marathon's motion.

The Court also notes that Marathon sought leave to file out-of-time claims in this proceeding, after claimants' experts had submitted their reports. Therefore, the lack of expert testimony as to Marathon's involvement has little impact here.

In sum, the Court finds that there is insufficient information before it at this summary judgment stage to conduct a full factual analysis less than a week before the trial. The role of Marathon as the time charterer of the AMERICAN LIBERTY and its involvement in the incident is greatly disputed; thus, summary judgment is not appropriate.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment by Marathon, R. Doc. 393, is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE