UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCHER DANIELS MIDLAND, CO., ET AL** | CIVIL ACTION |
| **VERSUS** | NO. 19-10525 C/W 19-10925, 19-11813, 19-12748 |
| **M/T AMERICAN LIBERTY** | SECTION "L" (1) |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment by American Petroleum Tankers X, LLC ("APTX") and Crowley Global Ship Management, Inc. ("Crowley") as owner/operator of the M/T AMERICAN LIBERTY on Claimant's claim of unseaworthiness. R. Doc. 394. Claimants Clement Bell, Ryheme Knighton, and Robert Sayles oppose the motion. R. Doc. 441. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this multi-vessel incident. *See generally*, R. Doc. 162. Accordingly, rather than repeat itself here, the Court will proceed to the substance of the present motion.

### II. PRESENT MOTION

APTX and Crowley (together the "AMERICAN LIBERTY Interests") now seek to dismiss the Claimants' claim of unseaworthiness, arguing that because claimants were not members of the AMERICAN LIBERTY's crew, the AMERICAN LIBERTY Interests did not owe them a duty of seaworthiness. R. Doc. 394.

1

In response, Claimants do not dispute that the duty of seaworthiness extends to only to crew members, with limited exception. R. Doc. 441. Instead, Claimants argue that the motion should be denied because it "does not seek any meaningful relief." *Id*. at 9. Claimants contend that there is no practical distinction between claimants' negligence and unseaworthiness. Put differently, whether the claimants' clams against APTX and Crowley are labeled as "unseaworthiness" or "negligence," they are rooted in the same set of facts and evidence.

### III.   LAW & ANALYSIS

#### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are

insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Duty of Seaworthiness

"A shipowner has an absolute nondelegable duty to provide a seaworthy vessel." *See Brister v. A.W.I., Inc.,* 946 F.2d 350, 355 (5th Cir. 1991) (citing *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 95, 66 S.Ct. 872, 877, 90 L.Ed. 1099 (1946)). "In order to bring an unseaworthiness cause of action, Plaintiff must be a member of the crew of the vessel on which he suffered his injury."[1] *Speer v. Taira Lynn Marine, Ltd., Inc.*, 116 F. Supp. 2d 826, 829–30 (S.D. Tex. 2000); *see also Smith v. Harbor Towing & Fleeting, In*c., 910 F.2d 312, 313 (5th Cir.1990) (affirming that a Jones Act seaman who was not a crew member of the vessel on which he suffered injury could not bring an unseaworthiness cause of action). "The warranty of seaworthiness is a powerful doctrine, but it is a duty owed to a narrow class of maritime workers-those who can claim 'seaman' status under the law." T. Schoenbaum, I Admiralty and Maritime Law 501 (5th ed. 2011).

---

[1] There is a narrow exception where a non-crew member plaintiff may impose the duty of seaworthiness on a defendant—the Sieracki seaman doctrine. This exception applies to longshoremen, not covered by the Longshoremen's and Harbor Workers' Compensation Act, performing a seaman's task on a nonemployer's vessel. *See Smith v. Harbor Towing & Fleeting, Inc.,* 910 F.2d 312, 314 (5th Cir. 1990) (discussing Sieracki seaman status in light of the 1972 amendments to the LHWCA). As the claimants were not performing work aboard the AMERICAN LIBERTY, this exception is not applicable in the present case.

Here, it is undisputed that no claimant was a member of the crew of the M/T AMERICAN LIBERTY. R. Doc. 394-3 at ¶ 12. Likewise, no claimant was doing work aboard the AMERICAN LIBERTY at any time. As such, the personal injury claimants were not owed a duty of seaworthiness by the AMERICAN LIBERTY Interests as a matter of law.

Once a claimant proves that negligence or unseaworthiness caused an accident, the burden shifts to the owner seeking limitation to show it lacked privity or knowledge of the condition. *Petition of Kristie Leigh Enterprises, Inc.*, 72 F.3d 479, 481 (5th Cir. 1996) (citing *Cupit v. McClanahan Contractors, Inc.,* 1 F.3d 346, 348 (5th Cir.1993), *cert. denied,* 510 U.S. 1113, 114 S.Ct. 1058, 127 L.Ed.2d 378 (1994)). Claimants do not possess claims for unseaworthiness as to the AMERICAN LIBERTY. Claimants must prove negligent acts by the AMERICAN LIBERTY Interests caused the incident to defeat the instant exoneration and limitation complaint.

IV.   **CONCLUSION**

Accordingly, **IT IS ORDERED** that the motion for partial summary judgment by the AMERICAN LIBERTY Interests, R. Doc. 394, is hereby **GRANTED**. Any claims of unseaworthiness must be dismissed. Claimants may proceed with their claims based on the general maritime law of negligence.

New Orleans, Louisiana, on this 14th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE