# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCHER DANIELS MIDLAND, CO., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10525 C/W 19-10925, 19-11813, 19-12748** |
| **M/T AMERICAN LIBERTY** | **SECTION "L" (1)** |

## ORDER

Before the Court are several motions involving the claims against Petitioners Associated Terminals, LLC and Associated Marine Equipment ("Associated"): (1) Associated's motion for partial summary judgment regarding personal injury claims; (2) Associated's motion for partial summary judgment regarding property damage claims; (3) Claimants Bell, Knighten, and Sayles' (collectively, "PI Claimants") motion for partial summary judgment on Associated Terminal's inability to seek limitation; and (4) Claimant's motion for partial summary judgment on Associated's Limitation Complaint on the merits. R. Docs. 383; 384; 398; 399. Having considered the relevant law and the parties' arguments, the Court now rules as follows.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this multi-vessel incident that occurred on the evening of May 16, 2019. *See generally*, R. Doc. 162.

Relevant to the instant motion, during the incident, the M/T AMERICAN LIBERTY allided with Associated's crane barge, the DON D, which was stationary and moored to another vessel, the AFRICAN GRIFFON, for the purpose of conducting cargo operations. R. Doc. 383-2 at 1. The DON D was tied off to the AFRICAN GRIFFON using steel mooring cables and secured

1

by three soft lines, at the bow, middle and stern of the barge.[1]  At the time of the allision, Claimants Sayles and Knighten were onboard the DON D and Claimant Bell was onboard the AFRICAN GRIFFON. *Id.* Bell saw the AMERICAN LIBERTY approaching and yelled to the crew on the DON D to warn them of the approaching vessel.[2] *Id.* at 2. Sayles then instructed the crew to gather in the middle of the DON D away from the edge.[3] *Id.*

The force of the allision snapped all the lines and cables connecting the DON D to the AFRICAN GRIFFON, and the DON D started to float downriver in the current, more or less in tandem with the AMERICAN LIBERTY. *Id.* at 2-3. Bell alleges that he was injured in the initial impact, when a cable or other heavy piece of equipment on the AFRICAN GRIFFON allegedly struck him in the head.[4] *Id.* at 3. At a certain point, the DON D made contact with a ship at ADM's dock and was pinned between that ship and the AMERICAN LIBERTY.[5] *Id.*

A tugboat named the MYRNA ANN had been working with the DON D that night, and therefore was in the area and able to render assistance to the crew.[6] *Id.* Once the DON D was momentarily stopped, the MYRNA ANN pushed its deck barge against the stern of the DON D, so the crew could evacuate onto the deck barge. *Id.* The entire crew of the DON D, with the exception of Bell, jumped 10-15 feet from the deck of the DON D onto the deck barge pushed into the stern of the DON D by the MYRNA ANN.[7] *Id.* at 4. Sayles and Knighten allege they were seriously injured when landing on the deck barge. R. Doc. 136 at 11. As a result of this incident, the PI Claimants brought claims against Associated for unseaworthiness and negligence under the Jones Act and general maritime law. *Id.* at 11-13.

---

[1] R. Doc. 383-5, Sayles Dep. 52:17-53:10.
[2] *See* R. Doc. 383-4, Bell Dep 44:9-10; Sayles Dep. 35:15-21.
[3] Sayles Dep. 37:6-8.
[4] R. Doc. 136 at 11.
[5] Sayles Dep. 65:15-17.
[6] *Id.* 24:6-11.
[7] *Id.* 81:1-16; 82:3.

The purported insurers of Archer Daniels Midland Company ("ADM"), Lexington Insurance Company, XL Insurance America Inc., Certain Underwriters at Lloyd's Syndicate 2987, Crum & Forster Specialty Insurance Company, Partner Reinsurance Europe SE, Endurance Assurance Corporation, Certain Underwriters at Lloyd's Syndicate 1183, AXIS Reinsurance Company, Allied World Assurance Company Ltd and SCOR Reinsurance Company (collectively, "Certain ADM Insurers") also brought a claim against Associated [8] for property damages they incurred as a result of the AMERICAN LIBERTY and DON D's allision with the ADM Dock after the AMERICAN LIBERTY's prior allision with the DON D. R. Doc. 140 at 12-13. These ADM Insurers allege, among other things, that; Associated failed properly to secure and/or moor the DON D; Associated failed properly to equip and/or man the DON D; and Associated failed properly to manage the DON D and/or her crew. *Id.*

## II.   LAW & ANALYSIS

### A.  Standard

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-movant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

---

[8] The Port of South Louisiana and its insurers also filed a claim against Associated. R. Doc. 139. This claim was voluntarily dismissed on May 5, 2021. R. Doc. 413. Notably, ADM itself did not file a claim against Associated.

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.' " *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255.

### B.  Summary Judgment on the Personal Injury Claims

Associated now seeks summary judgment dismissing the PI Claimants' claims against them for negligence under the Jones Act and unseaworthiness under general maritime law. R. Doc. 383.  Associated also argues that the PI Claimants' allegations against it are improperly based only on "their own subjective opinions," rather than any expert testimony. *Id.* at 19-20. PI Claimants oppose the motion, arguing that genuine issues of fact exist as to whether, and to what extent, Associated contributed to this accident. R. Doc. 452. PI Claimants further argue that the claimants' own testimony is sufficient to defeat summary judgment, and that expert testimony is not needed whether the events that led to claimants' injuries are "so simple." *Id*. at 3.

Under the Jones Act, an employer is negligent if he fails to use reasonable care to maintain a reasonably safe place to work. *In re Crewboats, Inc.*, No. CIV.A. 02-2023, 2003 WL 21018858, at *2 (E.D. La. May 5, 2003) (citing *Ivy v. Security Barge Lines, Inc*., 585 F.2d 732, 741 (5th Cir.), modified on other grounds, 606 F.2d 524 (5th Cir.1979) (en banc)). Under the Jones Act, the standard of causation is very light; "[i]f the defendant's negligence played any part, however small, in producing the seaman's injury, it results in liability." *Id.* (*Brister v. A.W.I., Inc*., 946 F.2d 350, 355 (5th Cir.1991)). As for the issue of unseaworthiness, a vessel owner has a non-delegable duty to provide a seaworthy vessel that is reasonably fit for its intended uses. *See Bommarito v. Penrod*

4

*Drilling Corp.*, 929 F.2d 186, 190 n. 2 (5th Cir. 1991). "A vessel is deemed unseaworthy if a condition of the vessel presents an unreasonable risk of harm to the seaman." *Lee v. Offshore Logistical & Transports, LLC*, No. CV 15-2528, 2017 WL 6540941, at *2 (E.D. La. Dec. 21, 2017). To prevail on a claim of unseaworthiness, a seaman must prove that (1) the vessel or the vessel's equipment was not reasonably fit for its intended purpose, and (2) the unseaworthy condition was the proximate cause of the injuries. *Id.* (citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960).

The PI Claimants provide three theories of liability: (1) Associated failed to train the crew on emergency collisions and how to safely evacuate a vessel; (2) Associated failed to provide its crew with a reasonable safe means to evacuate the DON D; and (3) Associated positioned the crane in such a way that denied the crew the benefit of seeing inbound traffic, in violation of Inland Navigational Rules 5[9] and 8.[10]

While Associated finds Claimants' testimony to be "self-serving," that Court concludes that this testimony is sufficient to create a dispute of fact as to these theories of liability. Courts have routinely held a plaintiff's testimony need not be corroborated to defeat summary judgment. *Washington v. Ashland Marine, L.L.C.*, No. 11-3175, 2013 WL 4434428, at *1 (E.D. La. Aug. 14, 2013); *see also C.R. Pittman Const. Co., Inc. v. National Fire Ins. Co. of Hartford*, 453 Fed. Appx. 439, 443 (5th Cir. 2011) ("A party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone.... Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving."). Furthermore, even in reviewing summary judgment motions before a bench trial, a

---

[9] 33 CFR § 83.05 (Rule 5) provides that "[e]very vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision."
[10] 33 C.F.R. § 83.08 (Rule 8).

judge cannot draw inferences that involve issues of witness credibility or disputed material facts. *See In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991).

Genuine issues of fact abound in this motion as to whether Associated contributed to the accident by failing to install a stairwell on the DON D's stern to ensure a safe means of evacuation, positioning the rig's crane to face upriver traffic, and failing to train the crew on how to handle a collision or evacuation scenario. Reasonableness under the Jones Act and causation under the duty of seaworthiness are both fact-intensive inquiries. The Court finds the resolution of these issues would be best served at the bench trial on the merits on May 17, 2021.

### C. **Partial Summary Judgment on the Property Damage Claims**

Associated seeks partial summary judgment dismissing the ADM Insurers' property damage claims against them because claimants have failed to produce any evidence or testimony to show that Associated is liable for their alleged damages. R. Doc. 383.

In order to prevail under a theory of negligence, claimants must demonstrate that there was a duty owed by the defendant to the plaintiff, a breach of that duty, an injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury. *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991) (internal citation omitted). Based on the facts of the present case, claimants must show Associated either: (1) negligently caused the allision by the AMERICAN LIBERTY; or (2) did not cause the allision, but Associated's negligence caused the DON D to break free.

Here, there has been no testimony, evidence or expert opinion produced by any party indicating that Associated is at fault for the incident or any parties' property damages. In fact, the ADM Insurers never propounded discovery to Associated or requested a deposition of any Associated employee or representative. Nor did they oppose the instant motion. Moreover, ADM

6

Insurers' experts, Captain Hendrik Keijer and Marc A. Fazioli, included no opinions as to any fault attributable to Associated in their reports.[11] Similarly, the property damage claimants have offered no evidence that the mooring lines were deficient or that additional lines or a different type of line would have survived impact by the 29, 801-ton AMERICAN LIBERTY. Accordingly, the Court finds that the ADM Insurers have failed to meet their burden of proof to show that Associated is liable for their alleged property damage.

### D.  Partial Summary Judgment on Associated Terminals' Ability to Seek Limitation of Liability

The PI Claimants seek partial summary judgment on the issue of whether Associated Terminals, LLC ("Associated Terminals") is an owner or operator of the DON D for purposes of the Limitation of Liability Act. R. Doc. 398. Associated Terminals opposes the motion, arguing that it qualifies as an owner *pro hac vice* of the DON D because it exercises significant dominion and control over the vessel. R. Doc. 448.

To invoke the benefits of the Limitation of Liability Act, an entity must be either an actual owner or owner *pro hac vice* of the vessel. An "owner" for the purposes of limitation of liability is "one who is subjected to a shipowner's liability because of his exercises of dominion over [i.e., relationship to] the vessel." *See In re Ingram Barge Co*., No. CIV.A. 05-4419, 2007 WL 2088369, at *3 (E.D. La. July 19, 2007) (internal citation omitted). "In other words, an operator with significant management and operational control over a vessel may seek exoneration from or limitation of liability when it acts as a manager of the vessel or acquires work for and dispatches the vessel." *Id*. (citing *In re: American Milling Co., Ltd.,* 409 F.3d 1005, 1014 (8th Cir. 2005)). Courts considering responsibilities, such as manning the vessels; victualing the vessels, providing

---

[11] *See* R. Doc. 384-7, Faziola Dep. 8:12-9:22.

7

for navigation, which involved procuring and providing deck, engine and cabin stores; maintenance and repairs for hull and machinery; providing spare parts, maintenance and repairs for communication and navigation equipment ..., and communicating with [the owner] and the vessels' time charterers. *Norfolk Dredging Co. v. M/V A/V KASTN*ER*,* 264 F. Supp. 2d 265, 267 (D. Md. 2003) (citing *In Re: Complaint of Chesapeake Shipping, Inc. and Gleneagle Ship Management Co., Inc*., 803 F.Supp. 872, 874 (S.D.N.Y.1992)).

Here, Associated Terminals avers that it has exclusive control over the DON D, as it employs all members of the crew of the DON D, who are entirely responsible for operating the DON D; sets the standards for training of the crew; dispatches the DON D to any and all jobs; provides food, water, and other victuals to the DON D and its crew, provides any and all administrative support and all necessary repairs to the hull and machinery; and generates invoices related to the use of DON D, among other things . *Id.* at 3-4; *see also* R. Doc. 448-2. These facts, taken together, are sufficient to survive summary judgment on the issue of whether Associated Terminals is an owner *pro hac vice* of the DON D. The Court must deny this motion.

### E.  Partial Summary Judgment on Associated's Limitation of Liability

The PI Claimants seek partial summary judgment ordering that Associated is not entitled to limitation of liability. R. Doc. 399. Associated opposes the motion, arguing that there is no evidence that Associated's actions fell below the standard of care of "ordinary prudence under the circumstances" for Jones Act negligence and "reasonably fit for its intended purpose" for unseaworthiness with respect to the DON D. R. Doc. 461 at 2.

For the same reasons as detailed above with respect to Associated's motion on the PI Claimant's personal injury claims, the Court finds that resolution of these issues on summary judgment would be inappropriate.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for partial summary judgment on the personal injury, R. Doc. 383, claims is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for partial summary judgment on the property damage claims, R. Doc. 384, is **GRANTED**. The claim by Certain ADM Insurers against Associated for property damage is hereby **DISMISSED**.

**IT IS ORDERED** that the PI Claimants' motion for partial summary judgment as to Associated Terminal's ability to seek limitation, R. Doc. 398, is **DENIED**. The motions for leave to file a reply and sur-reply are **DENIED AS MOOT**. R. Docs. 468; 471.

**IT IS ALSO ORDERED** that the PI Claimants' motion for partial summary judgment as to Associated's limitation complaint is **DENIED**.

New Orleans, Louisiana, on this 14th day of May 2021.

UNITED STATES DISTRICT JUDGE

9